OPINION OF THE COURT
Chief Judge Breitel.
Defendant was charged, in a simplified traffic information, with operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law, § 1192). After a jury had been sworn the District Court, on defendant’s motion, dismissed the information for legal insufficiency. On reargument, the court adhered to its original determination. The Appellate Term reversed and reinstated the information agreeing that the information was defective, but holding that the defect was not properly asserted. Defendant appeals.
Three issues are presented. The first is whether the information was, in fact, defective. The second is whether any defect was waived for untimeliness. The final and crucial issue is whether further proceedings against defendant are prohibited by double jeopardy principles.
There should be an affirmance. Although, as held by *115 both courts below, the information was defective, the defect was waived for untimeliness. Moreover, when a dismissal on motion by defendant, even after a jury has been sworn, is based only on the legal insufficiency of the information, retrial is forbidden neither by the double jeopardy clauses of the State and Federal Constitutions nor by the statutory double jeopardy provisions.
On July 24, 1974, in East Rockaway, defendant was found by a police officer lying unconscious on the driver’s side of the front seat of his automobile. He appeared intoxicated, and the police officer brought him to the department’s central testing unit, where he was determined to have a blood alcohol level of .29 of 1%. The Vehicle and Traffic Law prohibits operation of a motor vehicle with a blood alcohol level in excess of .10 of 1% (Vehicle and Traffic Law, § 1192, subd 2).
Defendant was charged with a misdemeanor in a uniform traffic ticket, which meets the CPL requirements for a simplified traffic information (CPL 100.10, subd 2, par [a]). At arraignment, the same day, defendant did not request a supporting deposition, but the People furnished one anyway. Neither the ticket nor the deposition, however alleged that defendant was operating the automobile or that the engine was running.
Defense counsel, however, did not move to dismiss the information until eight months later, when the case was reached for trial. As soon as a jury had been selected and sworn, counsel moved orally to dismiss, apparently having delayed intentionally to permit jeopardy to attach. The People objected, asserting that the motion was untimely. Nevertheless, after denying two other motions to dismiss made by defense counsel, the trial court dismissed the information because of the failure to allege operation of the vehicle. The People moved to reargue the motion, requesting reinstatement of the information or, at least, authorization to obtain a new accusatory instrument (CPL 40.30, subd 4). The court granted reargument, but adhered to its original determination. The court expressed its belief that subsequent prosecution would be barred by the double jeopardy proscription. The Appellate Term reversed, holding the motion to dismiss improperly asserted and finding no bar to reprosecution.
 A simplified traffic information, to be sufficient on its face, need only comply with the requirements of the Commissioner of Motor Vehicles; it need not provide on its face *116 reasonable cause to believe defendant committed the offense charged (CPL 100.25, 100.40, subd 2). But if defendant requests a supporting deposition, to which he has a statutory right, it must provide reasonable cause (CPL 100.25, subd 2). The People’s tender of such a deposition voluntarily, rather than waiting for defendant’s request, should not obviate the need for the deposition to provide reasonable cause. In this case, there was no allegation that defendant was operating his automobile or even that the engine was running, an allegation necessary to establish commission of the crime. Hence, as both courts below have held, the information was insufficient.
The People, however, contend that insufficiency of the information was waived by failure to assert it until after trial had begun. CPL 170.30, governing motions to dismiss an information, supports this contention. Prior to an amendment effective September 1, 1974, it provided that "[a] motion pursuant to this section should be made prior to entry of a plea of guilty or commencement of trial” (subd 2). After a trial begins, such a motion could be entertained only "in the interest of justice and for good cause shown” (id.). The statute, as amended, permits such motions "within forty-five days after arraignment and before commencement of trial, or within such additional time as the court may fix upon application of the defendant made prior to entry of judgment” (L 1974, ch 763, § 3; CPL 255.20). Since the effective date of the amendment was after arraignment of defendant but before trial, it is not entirely clear whether the amendment applies.
In either event, however, the motion was not timely made. Certainly no good cause for the delay was shown, thus foreclosing the motion under the old statute. And, since defendant made no application for an extension of time, the statutory amendment provides no help to defendant. In addition, the motion was neither in writing nor on reasonable notice to the People, as required by statute (CPL 170.45, 210.45, subd 1). Hence, the motion should not have been granted.
Moreover, there should be no question that the defect in this information was, in fact waivable. Even if, despite the CPL provisions, there be some defects in accusatory instruments that may never be waived, the defect in this case is not of that class. Since a simplified traffic information can proceed to trial without any supporting deposition at all, and hence without any facts providing reasonable cause, it is unaccept *117 able that absence of a factual allegation in the deposition is nonwaivable.
The remaining issue involves double jeopardy. Under New York law, if an accusatory instrument is "so radically defective that it would not support a judgment of conviction”, jeopardy never attaches under the instrument, and retrial upon correction of the defect is not barred (People ex rel. Zakrzewski v Mancusi, 22 NY2d 400, 403, quoting Shoener v Pennsylvania, 207 US 188, 195; see, e.g., People v Smith, 266 App Div 57, 61-62; People ex rel. Weiner v Warden, 237 App Div 28, 30-31, app dsmd 261 NY 620; see, generally, 22 CJS Criminal Law, § 246). The original analysis proceeded on formalistic lines: if there had been no possibility of obtaining a valid conviction under the accusatory instrument, defendant was never put in jeopardy, and should be subject to subsequent prosecution (see 22 CJS Criminal Law, § 246).
As the rule has developed in New York, however, reprosecution is permitted whenever a dismissal has been granted on motion by defendant, so long as the dismissal does not constitute an adjudication on the facts going to guilt or innocence. The rule applies even if the dismissal occurs after jeopardy has attached.
Thus reprosecution has been permitted after an accusatory instrument is dismissed for legal insufficiency, even after trial had begun. For instance, in Matter of Bishop v Superior Ct. (14 NY2d 321, remittitur amd 14 NY2d 959, cert den 380 US 909), defendant had been indicted for carnal abuse as a felony, based on a predicate offense that was an essential element of the felony count. After trial had started, the predicate conviction was vacated, resulting in dismissal of the felony count of the indictment. The predicate conviction was reinstated on appeal, however, and this court held that double jeopardy principles did not bar a new trial on the felony count.
People ex rel. North v Skinner (280 App Div 611, affd 305 NY 711) is closely analogous to the instant case. There, after trial had started, defendant moved to dismiss because an obvious error in an affidavit constituted a discrepancy with the information. The information was dismissed, but when defendant sought to bar retrial, it was held that double jeopardy did not prevent reprosecution. The court reasoned that defendant, having sought and received dismissal because of the information’s insufficiency, could not then use double jeopardy principles to prevent a new prosecution.
*118 In fact, until the Supreme Court’s most recent flurry of decisions in the double jeopardy area, this court had held that whenever a trial order of dismissal, made on motion by defendant, was legal, as opposed to factual, in nature, appeal and reprosecution were permissible (People v Sabella, 35 NY2d 158, 164-169, remittitur amd 35 NY2d 853; but cf. People ex rel. Meyer v Warden, 269 NY 426, 429-430). While the Sabella holding was abandoned in People v Brown (40 NY2d 381, 383, cert den 429 US 975, mot for rearg den 42 NY2d 1015) on constraint of Supreme Court cases, Sabella does indicate that under the statutory and constitutional law of this State, reprosecution is permitted after an accusatory instrument had been dismissed at trial for legal insufficiency.
What remains, then is to determine whether the Supreme Court’s most recent excursion into the double jeopardy area requires a result contrary to established New York law. Although it would be presumptuous to attempt a definitive explication of the Supreme Court’s writings, some treatment of the most recent cases is essential.
In 1975, the Supreme Court handed down a trilogy of double jeopardy decisions (United States v Wilson, 420 US 332; United States v Jenkins, 420 US 358; Serfass v United States, 420 US 377). They, particularly the Jenkins opinion, were construed, both by this court and apparently by the author of the Jenkins opinion, to prevent appeal by the People and retrial in any case where an order of dismissal had been made after jeopardy had attached and before "there is available a determination of guilt which without more may be reinstated in the event of a reversal and remand” (People v Brown, 40 NY2d 381, 391, supra; see Lee v United States, 432 US 23, 36-37 [Rehnquist, J., concurring]).
Two subsequent Supreme Court cases, however, have cast doubt on this reading of the trilogy (see Lee v United States, 432 US 23, supra; United States v Martin Linen Supply Co., 430 US 564).
The Martin Linen Supply case involved the status, for double jeopardy purposes, of a judgment of acquittal entered under rule 29 of the Federal Rules of Criminal Procedure. It is therefore of doubtful relevance. The Lee case, on the other hand, is relevant. Defendant moved, just before jeopardy attached, to dismiss the information for legal insufficiency. The trial court reserved decision, and not until after both sides had rested was the motion finally granted (432 US, at pp *119 25-26). The Supreme Court held that the dismissal did not bar a second trial for substantially the same crime (432 US, at p 34).
The court explained its earlier holding in Jenkins as not barring retrial whenever a trial order of dismissal had been made, but only when the trial proceedings had "terminated 'in the defendant’s favor’ ” (432 US, at p 30, quoting United States v Jenkins, 420 US 358, 365, n 7). It was concluded that a holding that the information had been drawn improperly was not a termination in defendant’s favor. Instead, the court analogized this type of dismissal to a mistrial order made as a result of prosecutorial or judicial error, and concluded that retrial would therefore be permissible (432 US, at pp 30-31; see United States v Dinitz, 424 US 600, 606-612; United States v Jorn, 400 US 470, 485). It had of course been settled sometime before by the Supreme Court that a mistrial resulting from an inadequately drawn accusatory instrument does not bar retrial (Illinois v Somerville, 410 US 458).
In other words, it appears from its latest exposition that the Supreme Court has divided trial orders of dismissal into two classes. In the first class are those that terminate the proceedings in defendant’s favor (see Lee v United States, 432 US 23, 29-31, supra). These dismissals do not permit reprosecution. In the second class, however, are those dismissals that are "functionally indistinguishable from a declaration of mistrial” (id., at p 31). These dismissals do not bar reprosecution, so long as the motion is made by defendant, and the error prompting the motion is not motivated by bad faith or desire to provoke the motion (id., at pp 33-34).
In candor, it bears mention that the trial court in this case, unlike its counterpart in Lee, believed that after the dismissal retrial would not be permissible. Thus, the dismissal was not "in comtemplation of’ a second prosecution. Nevertheless, a Trial Judge’s interpretations of the double jeopardy clause should not determine whether appeal and retrial are permissible. It is the nature of the order, and not the Trial Judge’s views on double jeopardy, that should govern.
Thus, following the Supreme Court’s latest explanation of its earlier double jeopardy holdings, it appears unnecessary to abandon traditional New York Law in this area.* Especially *120 in light of the developments in the Supreme Court, abandonment is unwarranted. Defendant moved for dismissal and there was no adjudication on the facts addressed directly or indirectly to proof of his innocence or guilt, but only a determination that the pleading was defective. Under these circumstances, having himself requested the dismissal, defendant is in no position to claim the protection of the double jeopardy clause. Hence, retrial should be permitted.
One final comment is merited. If trial courts in cases like this one were, whenever practicable, only to reserve decision until after trial has been completed and determinations of fact made, much difficulty would be avoided. Of course, if the motion had been made and decided, as it should have been, before trial, no problem would have arisen. But, once trial has started, decision on a belated motion might well be delayed until after jury verdict or decision on the facts. If defendant were to be acquitted, that would be the end of the matter; if convicted, appeal of the ruling, and, if appropriate, retrial or reinstatement of the verdict or decision would be permissible on any view of double jeopardy doctrine. It is the premature dismissal that has caused the trouble in this case, and that should be avoidable in most other cases (People v Brown, 40 NY2d 381, 394, supra).
Accordingly, the order of the Appellate Term should be affirmed.
*121 Judges Jasen, Gabmelli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed.

The holding in People v Brown (40 NY2d 381, supra) may be correct on some views of the matter since there the defendant’s motion to dismiss was made on the *120 basis that the People had, at the close of their case, failed to prove a prima facie case, concededly on an issue of law (id., at pp 383-384). Hence, apparently on this court’s view, the determination required consideration of the facts and the proceeding was "terminated 'in the defendant’s favor’ ” (Lee v United States, 432 US 23, 30, supra, quoting United States v Jenkins, 420 US 358, 365, n 7). Such a view finds' support in a recent summary reversal by the Supreme Court holding that a dismissal for failure to state an offense, after consideration by the trial court of an agreed statement of facts, bars reprosecution (Finch v United States, 433 US 676). On the other hand, although the holding may be correct, the reasoning in the Brown opinion by this court, because it relied on the Jenkins case (supra), is affected to whatever degree the later opinion in the Lee case affected the reasoning in the Jenkins case.
After this opinion had been written, the Supreme Court, in United States v Scott (437 US 82), explicitly overruled its prior holding in United States v Jenkins (420 US 358, supra). But see also the four other double jeopardy decisions handed down at the same time: Burks v United States (437 US 1), Greene v Massey (437 US 19), Crist v Bretz (437 US 28), and Sanabria v United States (437 US 54).