Jones, J.
(dissenting). In my view the constitutional mandate that "No person shall be * * * subject for the same offense to be twice put in jeopardy of life or limb” requires a reversal of the order of County Court in this case and the dismissal of the accusatory instrument.
Defendant moved to dismiss on the People’s opening, after jeopardy had attached (CPL 40.30, subd 1, par [b]; Crist v Bretz, 437 US 28). The motion was granted on the ground that "the prosecutor’s statement was insufficient in that it failed to state any facts constituting the crime of driving while intoxicated which the prosecutor intended to prove”, i.e., specifically, that there was no statement with respect to proof of intoxication. Conceptually this must be likened to the granting of a motion, on the defendant’s application made at the close of the People’s case, for a trial order of dismissal on the ground that the trial evidence is not legally sufficient to establish the offense charged (CPL 290.10, subd 1). The dismissal, terminating the trial proceedings in defendant’s favor, was "an adjudication on the facts going to guilt or innocence” (People v Key, 45 NY2d 111, 117). It was expressly predicated on a determination with respect to the sufficiency of the People’s proof; it was not a termination of the trial on grounds unrelated to factual guilt or innocence. While the majority ascribes to CPL 260.30 the effect of requiring the prosecution to "adequately amplify the charges against defendant and the facts to be proven in support thereof’, it refuses to regard the trial court’s dismissal on the ground that the prosecution’s statement was defective as to facts to be proved as an evaluation by the trial court "as to the factual elements of the offenses with which defendant was charged” — which appears to me to be a patent inconsistency.
That the dismissal was thought by the trial court to be on the factual merit of the People’s case is apparent. In granting defendant’s motion to dismiss the trial court also considered the possibility of reprosecution of the charge and concluded, "I therefore find that this is a final determination, outside of any rights of appeal, that the People have, and that a resubmis *389 sion is precluded by Section 210.20(4)”.* Thus, to the extent that the characterization of the dismissal by the trial court may be relevant, it is clear in this instance that the dismissal was not "in contemplation of’ a second prosecution (People v Key, 45 NY2d 111, 119, supra).
Accordingly, retrial is now barred by the double jeopardy clause (see United States v Scott, 437 US 82, 96-101; cf. Finch v United States, 433 US 676).
Chief Judge Cooke and Judges Gabrielli and Wachtler concur with Judge Jasen; Judge Jones dissents and votes to reverse in a separate opinion in which Judges Fuchsberg and Meyer concur.
Order affirmed.

 That CPL 210.20 applies to indictments rather than to felony complaints does not detract from the clarity of the trial court’s intention in this case.