OPINION OF THE COURT
Desmond P. Sullivan, J.
Defendant stands charged with driving while intoxicated in violation of subdivisions 2 and 3 of section 1192 of the New York State Vehicle and Traffic Law. A Simplified Traffic Information No. 771989 was filed with the court by Officer Robert J. Fosdick of the Glens Falls Police Department charging an offense January 31,1981 at 4:15 a.m. on Bay Street in the City of Glens Falls. The charge is an unclassified misdemeanor for which defendant, upon conviction, may be liable to revocation of his New York State driver’s license, a fine of up to $500, and imprisonment up to one year.
Defendant was arraigned February 3, 1981. Defendant appears in this matter by Thomas J. McDonough, Esq. and a supporting deposition by the officer, sworn to March 23, 1981, was filed March 26, 1981.
Defendant made a demand to produce pursuant to CPL 240.20 March 25, 1981.
*819 A reply to the demand, a notice of intention to offer evidence, a prosecutor’s demand to produce, each dated March 30, 1981, were filed by the Warren County District Attorney. The prosecutor’s position in the reply is that defendant’s oral statements made to Officer Fosdick had been provided, in substance, by the supporting deposition. The People objected to discovery by the argument that the provisions of article 240 do not apply to a simplified traffic information.
Defendant moved for an order of preclusion by notice of motion dated May 5,1981 and an affidavit in opposition to preclude by Virginia M. Sleight, Assistant District Attorney, sworn to May 15, 1981 and memorandum dated May 15, 1981 by Daniel T. Smith, District Attorney, were filed in opposition thereto.
On the return date, counsel agreed to the conversion of the motion to one for an order directing discovery under CPL 240.40.
The prosecutor argues that, where a defendant is charged by a simplified traffic information, his only additional right is to obtain a supporting deposition. Argument is also made that a simplified traffic information, in that sense, is like a misdemeanor or felony complaint, upon which a defendant may not be prosecuted and that the Legislature did not intend to extend this right, discovery, to persons charged by these instruments.
A primary rule of statutory construction is that statutory terms be found to have their plain and simple meaning. CPL 240.40 permits discovery by defendant “against whom an indictment, superior court information, prosecutor’s information or information is pending”. The first two deal with prosecution of felony charges in the superior court and the third an information by a District Attorney; none of these apply to the instant matter.
An information is “a verified written accusation by a person *** filed with a local criminal court, which charges one or more defendants with the commission of one or more offenses, none of which is a felony, and which may serve both to commence a criminal action and as a basis for prosecution thereof” (CPL 1.20, subd 4). The definition is repeated at CPL 100.10 (subd 1).
*820 A simplified information is “a simplified traffic information, a simplified parks information, or a simplified environmental conservation information” (CPL 1.20, subd 5, par [a]).
The definition of a simplified traffic information repeats the definition for an information, adding the notes that it is: (1) in a brief or simplified form prescribed by the Commissioner of Motor Vehicles; (2) charges a person with one or more traffic infractions or misdemeanors relating to traffic, and (3) specifically states it commences a criminal action and serves as a basis for prosecution. (CPL 1.20, subd 5, par [b]). Similar definitions follow for a simplified parks and simplified environmental conservation informations. The definition of a simplified traffic information is repeated in a different subdivision 5 (CPL 1.20) the Legislature being incapable of keeping track of subdivision numbers.
The definitions are repeated in article 100 at CPL 100.10. Here the items of definition are repeated with the exception that a simplified traffic information is stated to be a basis for commencement of a criminal action and may, in whole or in part, serve as a basis for prosecution of such charges, referring further to CPL 100.25. The latter states, in subdivision 2, that upon a timely request, supporting deposition must be served on the defendant. The obvious purpose is to provide the additional factual averments beyond the essential ones contained in the simplified information as prescribed by the respective commissioners. Further, CPL 170.60 requires a defendant to plead when charged under a simplified information, prosecutor’s information or information.
While the Legislature unnecessarily repeats definitions, the sum of them is clear: a simplified information, of whatever kind, carries with it the nature of an information in that it can and does serve as a basis for prosecution, differentiating it from a complaint. The Court of Appeals has made it clear that a charge made by simplified information can proceed to trial without any deposition being filed. (People v Key, 45 NY2d 111.) Since it shares the nature of an information rather than that of a complaint, clearly the discovery provisions intended for information *821 under article 240 should apply where a defendant is charged under any simplified information.
This conclusion is amply buttressed by the respective definitions of an information, simplified information and subspecies of simplified informations; none of these definitions preclude a simplified information of any kind from being included in the term information as it is defined in the Criminal Procedure Law. All the notes or elements of the defined term information are included and repeated for each type of simplified information. Again, this leads to the conclusion that a defendant charged by a simplified information of any type should be entitled to the discovery permitted under CPL article 240.
The new CPL article 240, which took effect January 1, 1980 (L 1979, ch 412, §4), is the product of a number of years of work by the Criminal Procedure Law Advisory Committee to the Judicial Conference. As indicated in the Practice Commentary by Joseph W. Bellacosa to CPL 240.10 (McKinney’s Cons Laws of NY, Book 11 A, CPL, pp 310-311, Pocket Part 1980-1981), the operating principles for this reciprocal property discovery procedure are to make routine the relatively mutual discovery of property as defined in the article by each side in the adversary criminal process. The existence of the procedure should eliminate delay, unnecessary motions and provide for more informed plea negotiations. The article contains appropriate provisions for enforcement and protection by application to the court. The spirit and sense of the statute is to make this routine discovery available and in the instant case, both the prosecution and the defense have made demands for the production of appropriate properties. If this intent is to be carried out and made sensible, discovery must be available as a procedure in every case where a defendant has been charged by a written accusatory instrument which may serve as a basis for his prosecution.
Finally, we come to the question of equal protection. Even the prosecutor concedes that discovery is available where defendant is charged under an information. An information can charge any offense not a felony and an offense as defined in subdivision 1 of section 10.00 of the Penal Law, “means conduct for which a sentence to a term *822 of imprisonment or to a fine is provided by any law of this state, or by any law, local law, or ordinance of a political subdivision of this state”. If discovery is available to a defendant charged with a Penal Law violation (permitting 15 days’ imprisonment), a class B misdemeanor (permitting 90 days’ imprisonment) or unclassified misdemeanors under State or local law (which call for a variety of prison terms), it does not make sense for such discovery not to be available where defendant is charged by traffic misdemeanor, which, as indicated above, can lead to a prison term of a year. If we found that this discovery procedure were not available to this defendant, he would be denied the equal protection of the statutes.
Upon the foregoing decision, it is ordered that the Warren County District Attorney provide to defendant any property requested under defendant’s demand to produce dated March 25, 1981 within 30 days after the service of the within order, it is further ordered that the defendant is ordered to produce any property requested by prosecutor’s demand to produce dated March 30, 1981.