■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS KIMBRO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Kay, J.), rendered August 19, 1983, convicting him of grand larceny in the third degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress statements and an identification.

Judgment affirmed.

We see no basis to disturb the findings of the hearing court that defendant knowingly and voluntarily waived his *Miranda*

rights and that the complaining witness had a sufficient independent source to make an in-court identification *(see, People v Sellers,* 103 AD2d 784; *People v Armstead,* 98 AD2d 726; *see also, United States v Wade,* 388 US 218; *Miranda v Arizona,* 384 US 436; *People v Davis,* 55 NY2d 731).

Furthermore, we reject defendant's contention that the trial court erred in not granting his motion to dismiss the robbery count at the close of the People's case. The practice of reserving decision on such a motion until after the jury's verdict is specifically authorized by statute and has been deemed a wholly appropriate procedure as a means of preserving the People's right to appeal from the decision *(see,* CPL 290.10 [1] [b]; *People v Key,* 45 NY2d 111, 120; *People v Marin,* 102 AD2d 14, 15, *affd* 65 NY2d 741; *see also,* Bellacosa, Supplementary Practice Commentary, McKinney's Cons Laws of NY, Book 11A, 1984-1985 Pocket Part, CPL 290.10, pp 90-91). At bar, the court exercised its discretion in accordance with the statute, and we do not perceive how defendant was prejudiced by this procedure, especially when he ultimately prevailed on the motion and the court ended up by setting aside the jury's verdict on this count.

We have considered defendant's remaining contentions and find them to be without merit. O'Connor, J. P., Weinstein, Niehoff and Eiber, JJ., concur.