OPINION OF THE COURT
Memorandum.
The order of County Court should be reversed and the judgment of the Town Justice Court reinstated.
On October 2, 1990, defendant was issued three uniform traffic tickets charging him with failure to keep right (Vehicle and Traffic Law § 1120 [a]) and two counts of driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]). A uniform traffic ticket meets the CPL requirements for a simplified traffic information (CPL 100.10 [2] [a]). Pursuant to CPL 100.25 (2), defendant requested a supporting deposition, which was provided to him. In this deposition, Deputy L.C. Johnson of the Cattaraugus County Sheriff’s Department alleged that defendant had been travelling at 71 miles per hour and was more than 50% in the officer’s lane of traffic. Deputy Johnson further stated that after he pulled the defendant’s car over and approached and addressed the defendant, he detected the smell of an alcoholic beverage.
*842 By notice of motion dated November 1, 1990 and accompanying affidavit, defendant moved to dismiss the charges of driving while intoxicated. He argued that, in violation of CPL 100.25 (2), there was no factual evidence in the supporting deposition to provide reasonable cause to believe that he had committed the offenses charged. The motion to dismiss was denied, and on May 15, 1991, defendant pleaded guilty to Vehicle and Traffic Law § 1192 (2).
Defendant appealed to County Court, Cattaraugus County, arguing that the supporting deposition was jurisdictionally defective. County Court agreed that the factual allegations contained in the supporting deposition were insufficient to provide reasonable cause to believe that the defendant had been operating a motor vehicle while he had .10 of one percentum or more by weight of alcohol in his blood, as required by Vehicle and Traffic Law § 1192 (2), the statute to which the defendant pleaded guilty. Further, County Court also agreed with defendant that this defect was jurisdictional in nature and was not waived by the defendant’s guilty plea. Consequently, the simplified information and supporting deposition were dismissed and the conviction vacated. A Judge of this Court granted leave to appeal.
We need not determine whether the factual allegations in the supporting deposition provided reasonable cause to believe that the defendant committed the offenses with which he was charged, because we find that defendant waived the right to raise this claim when he pleaded guilty to Vehicle and Traffic Law § 1192 (2).
"A guilty plea not only constitutes an actual waiver of certain rights associated with a trial, but also effects a forfeiture of the right to renew many arguments made before the plea” (People v Taylor, 65 NY2d 1, 5). Among these is a claimed deficiency in a jurisdictionally sufficient accusatory instrument (id., citing People v Levin, 57 NY2d 1008; People v Cohen, 52 NY2d 584). Conversely, it is clear that a defendant who pleads guilty does not waive the right to argue that an accusatory instrument is jurisdictionally defective (People v Taylor, supra, at 5).
Our decision in People v Key (45 NY2d 111) warrants a conclusion that the defect alleged by the defendant is not jurisdictional in nature. In Key, the defendant was charged, in a simplified traffic information, with operating a vehicle while under the influence of alcohol. As in the present appeal, the *843 defendant in that case argued that the supporting deposition was insufficient because it did not contain a factual allegation necessary to establish commission of the crime. Observing that a simplified traffic information can proceed to trial without a supporting deposition if the defendant fails to request one, we held that absence of a factual allegation in the deposition can be waived (id., at 116-117). We stated explicitly that "[e]yen if, despite the CPL provisions, there be some defects in accusatory instruments that may never be waived, the defect in this case is not of that class” (id., at 116). This language is determinative of the appeal now before us. Consequently, we hold that the defendant waived his present sufficiency claim when he pleaded guilty to Vehicle and Traffic Law § 1192 (2).
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.