OPINION OF THE COURT
Memorandum.
The order of Appellate Term should be reversed, and the case remitted to Appellate Term for consideration of the merits of the appeal.
Defendant was charged with a violation of a noise ordinance in the Town of Islip. After a bench trial, District Court granted *668 defendant’s motion to dismiss, holding that defendant was entitled to immunity from prosecution. Because defendant was acting within the scope of his duties as a firefighter for a municipal fire district, the court reasoned that the public safety concerns of the fire district precluded prosecution under the noise ordinance. The court, however, declined to rule on the underlying facts of the charged offense. The Appellate Term dismissed the People’s appeal, characterizing the determinations of the District Court as a “verdict of acquittal.” A Judge of this Court granted the People leave to appeal.
The People contend that the District Court’s dismissal did not constitute an acquittal on the merits and that it was error for the Appellate Term to dismiss its appeal. We agree. When a criminal court orders dismissal of an accusatory instrument on the ground that there is a legal impediment to conviction, the People may appeal the dismissal as of right (see CPL 450.20 [1]; 170.30 [1] [f|). “[S]o long as the dismissal does not constitute an adjudication on the facts going to guilt or innocence,” such a dismissal is not a bar to further proceedings (People v Key, 45 NY2d 111, 117 [1978]; see also Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 450.20). Here, District Court’s dismissal was grounded on immunity from prosecution as a matter of law. The court did not reach — much less resolve — the issue of whether defendant committed the charged violation. As such, the People’s appeal should not have been dismissed, and the case must be remitted to Appellate Term for consideration of the merits.
Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed and case remitted to the Appellate Term for the Ninth and Tenth Judicial Districts for consideration of the merits of the appeal taken to that court, in a memorandum.