The People of the State of New York, Respondent,
against
Blay Tarnoff, Appellant.




Blay Tarnoff, appellant pro se.
Nassau County Attorney's Office (Nicholas Vevante of counsel), for respondent.

Appeal from a judgment of the District Court of Nassau County, Nassau County Traffic and Parking Violations Agency (Robert Horowitz, J.), rendered August 9, 2016. The judgment convicted defendant, after a nonjury trial, of unsafe passing on the left. The appeal from the judgment of conviction brings up for review an order of that court (Allen S. Mathers, J.H.O.) dated September 22, 2014 denying defendant's motion to dismiss the simplified traffic information.




ORDERED that the judgment of conviction is reversed, on the law, the order dated September 22, 2014 denying defendant's motion to dismiss the simplified traffic information is vacated, defendant's motion is granted, and the fine and surcharge, if paid, are remitted.
Defendant was charged, in a simplified traffic information, with unsafe passing on the left (Vehicle and Traffic Law § 1124), while traveling southbound on Carlton Avenue, on April 24, 2014, at 10:20 a.m., 25 feet south of Prospect Avenue in the Town of North Hempstead, Nassau County. In a letter addressed to the Nassau County Traffic and Parking Violations Agency (TPVA), dated June 3, 2014, defendant requested that a supporting deposition be provided. A supporting deposition, executed by the police officer who had issued the uniform traffic ticket to defendant, repeated the factual allegations contained in the simplified traffic information and, additionally, stated the following: "Operating said motor vehicle in an unsafe manor. Passing motor vehicle to the left side of the center of the roadway. Unsafe passing." The record contains an affidavit of service, indicating that the TPVA mailed the supporting deposition to defendant on June 19, 2014. 
In motion papers dated August 4, 2014, defendant moved to dismiss the simplified traffic information based upon, among other things, the fact that the supporting deposition was legally insufficient since it did not contain factual allegations providing reasonable cause to believe that he had committed the offense charged. The People opposed the motion, merely contending that it was untimely, without addressing the merits of the arguments made by defendant. By order [*2]dated September 22, 2014, the District Court of Nassau County, Nassau County Traffic and Parking Violations Agency (Allen S. Mathers, J.H.O.) denied the motion as untimely. Following a nonjury trial, conducted on August 9, 2016, defendant was convicted of the charge.
The court incorrectly ruled that defendant's motion to dismiss, which was made two years before the commencement of the trial, was untimely. Ordinarily, a motion to dismiss an accusatory instrument pursuant to CPL 170.30 must be brought within the time period set forth in CPL 255.20 (1) (see CPL 170.30 [2]), which provides that it "shall be served or filed within forty-five days after arraignment and before commencement of trial, or within such additional time as the court may fix upon application of the defendant made prior to entry of judgment." However, CPL 255.20 (3) provides that, notwithstanding the provisions of subdivision one, "the court must entertain and decide on its merits, at anytime before the end of the trial, any appropriate pre-trial motion based upon grounds of which the defendant could not, with due diligence, have been previously aware, or which, for other good cause, could not reasonably have been raised within the period specified in subdivision one."
In determining whether defendant's motion was timely, we first have to review the sequence of events leading up to the motion. Here, defendant's request for a supporting deposition was timely, as it was made before the commencement of trial and not later than 30 days after the date he was directed to appear in court "as such date appears upon the simplified information and upon the appearance ticket" (CPL 100.25 [2]). (The court date denoted upon the appearance ticket and simplified information was June 5, 2014, and defendant requested a supporting deposition on June 3, 2014.) The complainant officer then had 30 days following the date the request was received by the court to serve and file a supporting deposition (see CPL 100.25 [2]). As demonstrated by the affidavit of service, the TPVA, on behalf of the complainant officer, mailed the supporting deposition to defendant on June 19, 2014 at a post office box address. However, defendant claimed in his motion papers, among other things, that the supporting deposition had not been properly served upon him since it had not been mailed to the address designated by him both on the back of the uniform traffic ticket, which had been mailed to the TPVA, and in his letter request for a supporting deposition. Consequently, as defendant's pretrial motion to dismiss—which was made in writing and on reasonable notice to the People—was dated August 4, 2014, less than two months after the People had mailed the supporting deposition, and was based upon grounds of which defendant could not, with due diligence, have been previously aware, it was timely, pursuant to CPL 255.20 (3), and the court was required to entertain it and decide it on its merits.
"A defendant charged by a simplified information is, upon a timely request, entitled as a matter of right to have filed with the court and served upon him . . . a supporting deposition of the complainant police officer . . . containing allegations of fact, based either upon personal knowledge or upon information and belief, providing reasonable cause to believe that the defendant committed the offense . . . charged" (CPL 100.25 [2]; see also People v Key, 45 NY2d 111, 116 [1978]). Vehicle and Traffic Law § 1122 (a) provides that, subject to certain limitations, "[t]he driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle." Defendant was charged with violating Vehicle and Traffic Law § 1124,entitled "Limitations on overtaking on the left," which provides [*3]in relevant part as follows:
"No vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction unless authorized by the provisions of this chapter and unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the operation of any vehicle approaching from the opposite direction or any vehicle overtaken."
Totally absent from the supporting deposition herein were any facts, or even inferences, alleging any interference by defendant's vehicle with oncoming traffic or any vehicle it had overtaken which was proceeding in the same direction, while passing on the left side of the center of the roadway (see generally People v Azizian, 46 Misc 3d 145[A], 2015 NY Slip Op 50211[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). Thus, the supporting deposition was legally insufficient, as it failed to provide reasonable cause to believe that defendant had violated Vehicle and Traffic Law § 1124 (see CPL 100.25 [2]). Consequently, since a failure of the complainant police officer to comply with the provisions of CPL 100.25 (2), when a supporting deposition had been timely requested, renders the simplified information insufficient on its face (see CPL 100.40 [2]), we find that defendant's motion to dismiss the simplified traffic information should have been granted.
In view of the foregoing, we reach no other issue.
Accordingly, the judgment of conviction is reversed, the order dated September 22, 2014 denying defendant's motion to dismiss the simplified traffic information is vacated, and defendant's motion is granted.
TOLBERT, J.P., BRANDS and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 13, 2018