The People of the State of New York, Respondent,
against
Richard Patrizio, Appellant.


Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from two judgments of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Martin J. Kerins, J.H.O.), rendered January 6, 2016. The judgments convicted defendant, after a nonjury trial, of using a portable electronic device while operating a motor vehicle, and operating a motor vehicle with a broken windshield, respectively, and imposed sentences.
ORDERED that the judgments of conviction are affirmed.
Defendant was charged in a simplified traffic information with using a portable electronic device while operating a motor vehicle (Vehicle and Traffic Law § 1225-d [1]) and, in a separate simplified traffic information, with operating a motor vehicle with a broken windshield (Vehicle and Traffic Law § 375 [22]). A supporting deposition pertaining to each charge was provided to defendant contemporaneously with the issuance of each respective uniform traffic ticket. Following a nonjury trial, the District Court found defendant guilty as charged and imposed a fine in the amount of $100, plus a county administrative fee and a state surcharge, for the violation of Vehicle and Traffic Law § 1225-d (1), and a fine in the amount of $25, plus a county administrative fee and a state surcharge, for the violation of Vehicle and Traffic Law § 375 (22).
On appeal, defendant argues that the supporting deposition pertaining to the charge of using a portable electronic device while driving was factually insufficient, since it failed to allege that his motor vehicle had been in motion at the time he had been observed by a state trooper [*2]using a portable electronic device, an essential element of the offense. Additionally, defendant contends that, since the Vehicle and Traffic Law authorizes the imposition of fines and surcharges for a violation of the laws contained therein, the County of Suffolk is preempted from enacting an administrative fee based on a violation of those same laws. 
Since a defendant charged with a traffic infraction can be prosecuted by a simplified traffic information alone, and, thus, without any facts providing reasonable cause, the absence of a factual allegation in a supporting deposition is not a jurisdictional defect and can be waived (see People v Beattie, 80 NY2d 840 [1992]; People v Key, 45 NY2d 111, 116-117 [1978]; People v Kelleher, 39 Misc 3d 149[A], 2013 NY Slip Op 50948[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013]). Here, defendant failed to move to dismiss the simplified traffic information charging a violation of Vehicle and Traffic Law § 1125-d (1), at any time, based on the alleged insufficiency of the supporting deposition. Thus, the alleged insufficiency of the supporting deposition was waived by defendant's failure to assert this alleged defect before the District Court. Furthermore, the record demonstrates that the simplified traffic information was sufficient on its face, since it substantially conformed to the form prescribed by the Commissioner of Motor Vehicles (see CPL 100.25, 100.40 [2]; Key, 45 NY2d at 115). Consequently, the accusatory instrument was not jurisdictionally defective. 
Defendant's contention, that the imposition of the administrative fees was unauthorized since state law preempts the imposition of such a fee, is not preserved for appellate review (see CPL 470.05 [2]; People v Cataldo, 57 Misc 3d 153[A], 2017 NY Slip Op 51597[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]). While a challenge to an illegal sentence falls within the narrow exception to the preservation rule (see People v Samms, 95 NY2d 52 [2000]), the imposition of this fee is not a component of the sentence (see People v Hoti, 12 NY3d 742, 743 [2009]; People v Guerrero, 12 NY3d 45, 48-50 [2009]). Therefore, defendant's claim does not fall under this narrow exception to the preservation rule, and we decline to review the claim in the interest of justice (see Cataldo, 57 Misc 3d 153[A], 2017 NY Slip Op 51597[U]).
Accordingly, the judgments of conviction are affirmed.
GARGUILO, J.P., MARANO and TOLBERT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 20, 2018