The People of the State of New York, Respondent,
against
Nigel L. Murray, Appellant.




Scott M. Bishop, for appellant.
Orange County District Attorney (Elizabeth L. Schulz of counsel), for respondent.

Appeal from judgments of the City Court of Middletown, Orange County (Steven W. Brockett, J.), rendered June 1, 2017. The judgments convicted defendant, upon jury verdicts, of driving while intoxicated per se and common-law driving while intoxicated, respectively, and imposed sentences.




ORDERED that the judgments of conviction are affirmed.
On July 21, 2016, two simplified traffic informations were filed charging defendant with driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]) and common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), respectively, along with a supporting deposition and a CPL 710.30 statement notice. Following a jury trial, defendant was convicted of both charges. On appeal, defendant contends that the accusatory instruments are facially insufficient, and that, in any event, the verdicts were against the weight of the evidence because the People failed to prove that he had operated a vehicle.
Contrary to defendant's argument, the filing of a supporting deposition does not "convert" a simplified traffic information to a misdemeanor information, as CPL 100.25 (2) provides for [*2]the filing of a deposition in support of a simplified traffic information (see generally People v Key, 45 NY2d 111 [1978]). Since defendant failed to move to dismiss the simplified traffic informations on the ground that the supporting deposition did not comply with the reasonable cause provision of CPL 100.25, his facial insufficiency argument regarding the deposition has been waived (see People v Key, 45 NY2d at 116-117 [although a simplified traffic information and supporting deposition were defective in failing to allege an element of the offense, the defect was waived by the defendant's failure to timely move to dismiss]; People v Delprete, 62 Misc 3d 128[A], 2018 NY Slip Op 51872[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Hakim, 60 Misc 3d 137[A], 2018 NY Slip Op 51112[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Appel, 44 Misc 3d 133[A], 2014 NY Slip Op 51152[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]).[FN1]


A review of the record indicates that both simplified traffic informations substantially conform to the form prescribed by the Commissioner of Motor Vehicles (see CPL 100.25 [1]; 100.40 [2]; Regulations of Commissioner of Motor Vehicles [15 NYCRR] § 91; People v Appel, 44 Misc 3d 133[A], 2014 NY Slip Op 51152[U]), and provide the court with sufficient information to establish that it has jurisdiction to hear the case (see People v Fernandez, 20 NY3d 44 [2012]; People v Key, 45 NY2d at 116; People v Appel, 44 Misc 3d 133[A], 2014 NY Slip Op 51152[U]). Consequently, the simplified traffic informations are facially sufficient.

Upon the exercise of this court's factual review power (see CPL 470.15 [5]; People v [*3]Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the jury's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the verdicts convicting defendant of driving while intoxicated per se and common-law driving while intoxicated were not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-646 [2006]).

Accordingly, the judgments of conviction are affirmed.

ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.



ENTER:

Paul Kenny

Chief Clerk

Decision Date: March 21, 2019



Footnotes

Footnote 1: We note that a supporting deposition filed, pursuant to CPL 100.25 in support of a simplified traffic information, is sufficient if it contains allegations of fact based upon information and belief which provide reasonable cause to believe that the defendant committed the charged offense. On the other hand, where a supporting deposition is filed in connection with an information, the two documents taken together must, pursuant to CPL 100.40 (1) (c), meet a higher standard and contain nonhearsay allegations of fact which establish, if true, every element of the charged offense and the defendant's commission thereof. Indeed, if the filing of a supporting deposition converted a simplified traffic information to an information, there could never be the type of waiver as provided for in People v Key (45 NY2d 111) and People v Beattie (80 NY2d 840 [1992]), which waiver is clearly distinguishable from the hearsay waiver attendant to informations (see People v Casey, 95 NY2d 354, 365-367 [2000]).