The People of the State of New York, Appellant,
against
Russell Carpenter, Respondent. 




Orange County District Attorney (Andrew R. Kass of counsel), for appellant.
Larkin, Ingrassia & Tepermayster, LLP (Chelsy Jones of counsel), for respondent.

Appeal from an order of the Justice Court of the Town of New Windsor, Orange County (Noreen Calderin, J.), dated December 7, 2017. The order granted defendant's motion to dismiss three simplified traffic informations charging defendant with driving while intoxicated (per se), driving while intoxicated (common law) and failing to signal, respectively.




ORDERED that the order is reversed, on the law, defendant's motion to dismiss the three simplified traffic informations is denied, the simplified traffic informations are reinstated, and the matter is remitted to the Justice Court for all further proceedings thereon.
Insofar as is relevant to this appeal, defendant was charged in three separate simplified traffic informations with driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]), common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and failing to signal (Vehicle and Traffic Law § 1163 [a]), respectively. The accusatory instruments were signed by Trooper Eaton, who also completed a bill of particulars/supporting deposition which was made "upon direct knowledge unless otherwise specified." Section four of the deposition states, among other things, that the trooper observed defendant driving a vehicle, that defendant had an odor of an alcoholic beverage, glassy eyes, impaired speech, and impaired motor coordination, and that defendant failed three field sobriety tests. The deposition also states that a chemical breath test result indicated that defendant's blood alcohol content was .16%, and that defendant's vehicle was stopped because of, among other things, "VTL Violation of Section(s): 1163A."
During the combined probable cause/Huntley hearings and trial, Trooper Corletta testified, among other things, that he had observed a vehicle driven by defendant in the right turn only lane, at which there was a posted no turn on red sign, and defendant's "vehicle proceeded to make a right hand turn on a steady red light, it also did not have its turn signal on." Trooper Corletta also provided testimony regarding defendant's intoxication. Trooper Eaton testified that he had observed defendant driving a vehicle which had "failed to stop at a red light and failed to use [its] turn signal at that red light"; that he had no interactions with defendant; and that he did not observe defendant perform any field sobriety tests and, therefore, was unable to determine whether defendant had an odor of an alcoholic beverage emanating from his breath, glassy eyes, impaired coordination, or impaired speech. 
Defense counsel orally moved to dismiss the simplified traffic informations on the ground that they were facially insufficient because they were based on hearsay, since the trooper who signed them testified that he had not witnessed the alleged offenses. Upon the conclusion of the presentation of all evidence, the Justice Court adjourned the case for motion papers. Following the submission of defendant's motion to dismiss, which the People opposed, the Justice Court granted the motion, finding that it "[w]as timely as the defect was not known until the trial commenced and testimony was taken," and "the accusatory instrument . . . [is] defective as it is based on hearsay."
The sufficiency of an accusatory instrument must be determined based on the allegations set forth "within the four corners of the instrument itself or in annexed supporting depositions" (People v Thomas, 4 NY3d 143, 146 [2005] [internal quotation marks omitted]; see also People v Casey, 95 NY2d 354, 361 [2000]; People v Lamendola, 57 Misc 3d 153[A], 2017 NY Slip Op 51598[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]), and may not be undone by contrary findings of fact in a subsequent proceeding (see People v Gordon, 88 NY2d 92, 96 [1996]; People v Lamendola, 57 Misc 3d 153[A], 2017 NY Slip Op 51598[U], *2; People v Netusil, 34 Misc 3d 137[A], 2011 NY Slip Op 52410[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; People v Christiansen, 19 Misc 3d 134[A], 2008 NY Slip Op 50693[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]). Consequently, the Justice Court should not have considered Trooper Eaton's testimony in determining defendant's motion.
The three simplified traffic informations, on their face (see People v Casey, 95 NY2d at 361), substantially conform to the form prescribed by the Commissioner of Motor Vehicles (see CPL 100.25 [1]; 100.40 [2]; Regulations of Commissioner of Motor Vehicles [15 NYCRR] § 91; People v Appel, 44 Misc 3d 133[A], 2014 NY Slip Op 51152[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; People v Tytutin, 39 Misc 3d 131[A], 2013 NY Slip Op 50470[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]), and provide the court with sufficient information to establish that it has jurisdiction to hear the case (see People v Fernandez, 20 NY3d 44 [2012]; People v Key, 45 NY2d 111, 116 [1978]; People v Appel, 44 Misc 3d 133[A], 2014 NY Slip Op 51152[U]; People v Tytutin, 39 Misc 3d 131[A], 2013 NY Slip Op 50470[U]). Moreover, to the extent that defendant argues that the supporting deposition is improperly based on hearsay, we note that CPL 100.25 (2) provides that a supporting deposition to a simplified [*2]information may contain "allegations of fact, based either upon personal knowledge or upon information and belief, providing reasonable cause to believe that the defendant committed the offense or offenses charged" (see People v Key, 45 NY2d at 115). Consequently, the accusatory instruments are facially sufficient, and defendant's motion seeking their dismissal should have been denied.
Accordingly, the order is reversed, defendant's motion to dismiss the simplified traffic informations is denied and the simplified traffic informations are reinstated.
RUDERMAN, J.P., TOLBERT and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 10, 2019