The People of the State of New York, Respondent,
against
Diane M. Fitzgerald, Appellant. 




Diane M. Fitzgerald, appellant pro se.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Allen S. Mathers, J.H.O.), rendered July 16, 2015. The judgment convicted defendant, after a nonjury trial, of speeding, and imposed sentence.




ORDERED that the matter is remitted to the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency to afford defendant an opportunity to move, within 30 days of the date of this decision and order, to dismiss the accusatory instrument in accordance herewith, and for a report thereafter on any such motion by defendant, and the appeal is held in abeyance pending the receipt of the Suffolk County Traffic and Parking Violations Agency's report, which shall be filed with all convenient speed.
Defendant was charged, in a simplified traffic information, with speeding (Vehicle and Traffic Law § 1180 [b]) by driving 77 miles per hour in a 55 mile per hour zone. The record reflects that, on two different occasions, defendant served and filed a motion to dismiss the accusatory instrument on the ground that she had requested a supporting deposition and it had not been provided. The first motion was rejected by the court because, among other things, the notice of motion did not include a date on which the motion was returnable. The second motion was rejected because, among other things, defendant had filed it by mail. Following a nonjury trial, at which defendant demonstrated that she had requested a supporting deposition and that it had not been provided, and argued that her second motion had been improperly rejected, defendant was convicted of the charge. On appeal, defendant argues that her second motion to dismiss the accusatory instrument was improperly rejected and should have been granted.
Pursuant to CPL 100.25 (2), "[a] defendant charged by a simplified information is, upon a timely request, entitled as a matter of right to have filed with the court and served upon [her], or if [s]he is represented by an attorney, upon [her] attorney, a supporting deposition of the complainant police officer." If a timely request for a supporting deposition is made, the failure to [*2]supply one renders the simplified information insufficient on its face (see CPL 100.40 [2]; People v Aucello, 146 Misc 2d 417 [App Term, 2d Dept, 9th & 10th Jud Dists 1990]) and subjects it to dismissal upon motion (see CPL 170.30 [1] [a]; 170.35 [1] [a]; People v Nuccio, 78 NY2d 102 [1991]; People v Fattizzi, 98 Misc 2d 288 [App Term, 2d Dept, 9th & 10th Jud Dists 1978]). Generally, a motion to dismiss a simplified traffic information based upon the People's failure to provide a requested supporting deposition must be made in writing, upon notice to the People, and served or filed within 45 days after arraignment and before the commencement of trial, or within such additional time as the court may fix upon an application by the defendant made prior to the entry of judgment (see CPL 170.30 [1] [a]; 170.35 [1] [a]; 170.45, 210.45 [1]; 255.20 [1]; People v Key, 45 NY2d 111 [1978]; People v Alese, 45 Misc 3d 135[A], 2014 NY Slip Op 51733[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]).
The People argue that defendant's second motion was properly rejected based upon a Suffolk County Traffic and Parking Violations Agency (TPVA) rule prohibiting the filing of motions by mail. The People imply that this rule was enacted pursuant to Uniform Rules for District Courts (22 NYCRR) § 212.1 (c). However, rules enacted pursuant to that subsection must comply with part 9 of the Rules of the Chief Judge, which requires that a rule promulgated by any court or agency be filed with the Chief Administrator of the Courts, who must arrange for their publication (see 22 NYCRR 9.1). The People did not cite to any such rule, and none apparently exists. Furthermore, there is no mention of any such rule on the TPVA website (https://suffolkcountyny.gov/tpva/). If such a rule is published somewhere, the People have not established that defendant should have known about it and therefore been bound by it. As none of the other reasons given by the TPVA in their letter rejecting the motion appear to be a proper basis for the rejection of defendant's motion, we find that the trial court's denial of what was, in effect, an application by defendant for additional time to make the motion (see CPL 170.30 [2]; CPL 255.20 [1]; see also People v Key, 45 NY2d 111), was an abuse of discretion.
Under the circumstances, we deem it appropriate to hold the appeal in abeyance and to remit the matter to the TPVA to afford defendant an opportunity to move to dismiss the accusatory instrument, and for a report by the TPVA thereafter. Any such motion shall be made by defendant within 30 days after the date of this decision and order, and defendant will bear the burden of establishing that she timely requested a supporting deposition and that one was not provided. The District Court's report to this court shall state whether defendant moved to dismiss the accusatory instrument and, if so, the District Court shall make a finding as to whether or not defendant successfully made the necessary showing.
ADAMS, P.J., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 19, 2019