The People of the State of New York, Respondent,
against
Anthony Looney, Appellant. 




Nassau County Legal Aid Society (Tammy Feman and Gianpaolo Ciocco of counsel), for appellant.
Nassau County District Attorney (Yael V. Levy and Brian Witthuhn of counsel), for respondent.

Appeal from judgments of conviction of the District Court of Nassau County, First District (Martin J. Massell, J.), rendered April 11, 2017. The judgments convicted defendant, upon jury verdicts, of driving while intoxicated (common law) and failure to obey a traffic control device, respectively, and imposed sentences. The appeal brings up for review an order of that court dated August 26, 2016 which denied the branch of defendant's motion seeking to dismiss the simplified traffic information charging him with failure to obey a traffic control device on the ground of facial insufficiency, and a November 14, 2016 oral order which denied, after a hearing, the branch of defendant's omnibus motion seeking to suppress his statements to law enforcement officials, evidence of law enforcement officials' observations of him, and evidence of defendant's refusal to submit to a chemical test.




ORDERED that the judgment convicting defendant of failure to obey a traffic control device is reversed, on the law, so much of the order dated August 26, 2016 as denied the branch of defendant's motion seeking to dismiss the simplified traffic information charging him with failure to obey a traffic control device on the ground of facial insufficiency is vacated and that branch of [*2]defendant's motion is granted; and it is further,
ORDERED that the judgment convicting defendant of driving while intoxicated (common law) is affirmed.
Defendant was charged, in separate simplified traffic informations, with common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and failure to obey a traffic control device (Vehicle and Traffic Law § 1110 [a]). Prior to the trial, defendant's motion to dismiss the accusatory instrument charging him with failure to obey a traffic control device on the ground of facial insufficiency was denied. After a pretrial hearing, defendant's motion to suppress his statements to law enforcement officials, evidence of law enforcement officials' observations of him, and evidence of defendant's refusal to submit to a chemical test was also denied. Following the trial, the jury convicted defendant of both charges.
"A simplified traffic information, to be sufficient on its face, need only comply with the requirements of the Commissioner of Motor Vehicles; it need not provide on its face reasonable cause to believe defendant committed the offense charged" (People v Key, 45 NY2d 111, 115-116 [1978]; see CPL 100.25 [1]; 100.40 [2]; People v Anand, 65 Misc 3d 151[A], 2019 NY Slip Op 51875[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2019]). When a supporting deposition is served and filed in connection with a simplified traffic information, to be facially sufficient, it must allege facts "based either upon personal knowledge or upon information and belief, providing reasonable cause to believe that the defendant committed the offense . . . charged" (CPL 100.25 [2]; see CPL 100.40 [2]; People v Key, 45 NY2d at 116). Here, the simplified traffic information and supporting deposition fail to set forth any facts from which it could reasonably be inferred that defendant failed to obey a specific sign, signal, marking, or device (see Vehicle and Traffic Law § 153), as the complaining officer neither identified the type of traffic control device defendant failed to obey nor specified what the device required. The supporting deposition merely contained the conclusory assertion that defendant had violated Vehicle and Traffic Law § 1110 (a) by his failure to obey an unspecified traffic control device. Consequently, as the simplified traffic information was insufficient, the judgment convicting defendant of violating Vehicle and Traffic Law § 1110 (a) must be reversed and the accusatory instrument charging this offense dismissed (see People v Bollag, 42 Misc 3d 149[A], 2014 NY Slip Op 50407[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]).
The District Court properly denied defendant's motion to suppress his statements to law enforcement officials, evidence of law enforcement officials' observations of him, and evidence of his refusal to submit to a chemical test (see People v Tieman, 112 AD3d 975, 976 [2013]; People v Bedard, 64 Misc 3d 144[A], 2019 NY Slip Op 51295[U], *3-4 [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; People v Goldberg, 61 Misc 3d 129[A], 2018 NY Slip Op 51389[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Oliva, 52 Misc 3d 142[A], 2016 NY Slip Op 51198[U], *3 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]).
Defendant's contention that the evidence was legally insufficient to establish beyond a reasonable doubt his guilt of common-law driving while intoxicated is unpreserved (see CPL 470.05 [*3][2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish defendant's guilt beyond a reasonable doubt. 
In conducting an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor (see People v Lane, 7 NY3d 888, 890 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon a review of the record, we find that the verdict of guilt of common-law driving while intoxicated was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Defendant's remaining contentions are either without merit or need not be addressed in light of the foregoing.
Accordingly, the judgment convicting defendant of failure to obey a traffic control device is reversed and the accusatory instrument charging that offense is dismissed. The judgment convicting defendant of driving while intoxicated (common law) is affirmed.
GARGUILO, J.P., ADAMS and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 7, 2020