People v Moneke (2020 NY Slip Op 51493(U))

[*1]

People v Moneke (Jacqueline)

2020 NY Slip Op 51493(U) [70 Misc 3d 127(A)]

Decided on December 10, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 10, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., TERRY JANE RUDERMAN, ELIZABETH H.
EMERSON, JJ

2019-24 N CR

The People of the State of New York,
Respondent,
against
Jacqueline Moneke, Appellant. 

Nassau County Legal Aid Society (Tammy Feman and Dori Cohen of counsel), for appellant.
Nassau County District Attorney (Autumn S. Hughes and Rebecca L. Abensur of counsel), for
respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Erica L.
Prager, J.), rendered October 22, 2018. The judgment convicted defendant, after a nonjury trial,
of reckless driving, and imposed sentence.

ORDERED that the judgment of conviction is reversed, on the law, and the matter is
remitted to the District Court for a new trial.
Insofar as is relevant to this appeal, defendant was charged in a simplified traffic information
with reckless driving (Vehicle and Traffic Law § 1212) on the Southern State Parkway on
August 20, 2017. The People filed a supporting deposition (see CPL 100.25). The District
Court, after a hearing, denied defendant's pretrial motion to suppress his statement. After a
nonjury trial, the District Court convicted defendant of reckless driving and imposed
sentence.
While defendant argues that the accusatory instrument was jurisdictionally defective based
on alleged misstatements in the supporting deposition (see CPL 100.25), defendant's
specific claim was waived by his failure to move in the District Court to dismiss the accusatory
instrument on this ground (see People v Beattie, 80 NY2d 840 [1992]; People v
Key, 45 NY2d 111, 116-117 [1978]; People v Patrizio, 62 Misc 3d 132[A], 2018 NY
Slip Op 51901[U] [App [*2]Term, 2d Dept, 9th & 10th Jud
Dists 2018]; People v Kelleher, 39 Misc 3d 149[A], 2013 NY Slip Op 50948[U] [App
Term, 2d Dept, 9th & 10th Jud Dists 2013]). As the record demonstrates that the simplified
traffic information substantially conformed to the form prescribed by the Commissioner of Motor
Vehicles (see CPL 100.25, 100.40 [2]; People v Key, 45 NY2d at 115), it was
sufficient on its face and, thus, the accusatory instrument was not jurisdictionally defective
(see People v Key, 45 NY2d 111).
Contrary to defendant's argument that the evidence of guilt was legally insufficient to support
the verdict, viewing the evidence in the light most favorable to the prosecution (see People v
Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish
defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review
power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while
according great deference to the trier of fact's opportunity to view the witnesses, hear their
testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888,
890 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69
NY2d 490, 495 [1987]), we find that the verdict was not against the weight of the evidence (see People v Romero, 7 NY3d 633
[2006]).
Defendant's argument that his conviction should be reversed on the ground that the evidence
at trial varied from the People's theory as presented in the accusatory instrument is unpreserved
for appellate review (see CPL 470.05 [2]; People v Cortland, 66 Misc 3d 141[A], 2020 NY Slip Op 50150[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2020]). In any event, defendant's contention is
without merit (see People v
Cortland, 66 Misc 3d 141[A], 2020 NY Slip Op 50150[U]).
However, we agree with defendant's contention that the Instagram video, which purportedly
depicts the offense, should not have been admitted into evidence. The People failed to establish
that the video was a fair and accurate depiction of the offense or that the video had not been
altered. In addition, among other things, there was no proof as to when the video was recorded.
Consequently, the court's admission of the video into evidence constituted error as a matter of
law (see People v Price, 29 NY3d
472 [2017]; People v Davidson,
178 AD3d 536 [2019]; cf. People v
Franzese, 154 AD3d 706 [2017), requiring a new trial.
Defendant's remaining contention is without merit (see Matter of Kwok T., 43 NY2d
213, 219 [1977]; People v Yukl, 25 NY2d 585 [1969]; People v Rodney P.
[Anonymous], 21 NY2d 1 [1967]; see also People v Centano, 76 NY2d 837, 838
[1990]; People v Cooper, 38 AD3d
678, 679 [2007]).
Accordingly, the judgment of conviction is reversed and the matter is remitted to the District
Court for a new trial.
ADAMS, P.J., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 10, 2020