OPINION OF THE COURT
Memorandum.
Order unanimously reversed on the law, accusatory instruments reinstated and matter remanded to the court below for further proceedings.
We find that the simplified traffic informations are facially sufficient (CPL 100.40 [2]; 100.25). Contrary to the position of the court below, CPL 100.15 and 100.40 (1) do not apply to simplified traffic informations. It is statutorily dictated that a simplified traffic information has different, and lesser, requirements for facial sufficiency than a misdemeanor information. In fact, a simplified traffic information is not required to have factual allegations of an evidentiary nature, whether hearsay or nonhearsay (CPL 100.10 [2] [a]), and if a supporting deposition is requested it can be based on hearsay or non-hearsay so long as it provides a reasonable cause to believe that defendant committed the charged offenses (CPL 100.25 [2]). Accordingly, we find that the supporting deposition is also facially sufficient.
We also find that the supporting deposition was timely provided to defendant. It is uncontroverted that the supporting deposition was served upon defendant on January 22, 1998 and that the clerk of the court below stamped defendant’s request letter for such a deposition “received” on December 24, 1997, which was within the 30-day time period mandated by CPL 100.25 (2). Contrary to defendant’s contention, the supporting deposition need not be “certified” for purposes of arraignment, or in order to be facially sufficient pursuant to CPL 100.25. The Court of Appeals in Pringle v Wolfe (88 NY2d 426, 432) held that a “court may not order suspension of the license unless it has in its possession the results of the chemical test, and * * * these results must be presented to the court in a certified, documented form (see, CPLR 4518 [c])”. It is clear that such a requirement relates solely to a suspension hearing held pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7) (b) and has no bearing on the facial sufficiency of the supporting deposition.
*692 In view of the foregoing, there are no compelling factors which warrant dismissal of the simplified traffic informations in the interest of justice and, therefore, they are reinstated.
DiPaola, P. J., Ingrassia and Palella, JJ., concur.