People v Ramos (2022 NY Slip Op 51243(U))

[*1]

People v Ramos (Carlos)

2022 NY Slip Op 51243(U) [77 Misc 3d 132(A)]

Decided on November 23, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 23, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2022-67 S CR

The People of the State of New 
 York, Appellant,
against
Carlos Ramos, Respondent. 

Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for appellant.
Carlos Ramos, respondent pro se (no brief filed).

Appeal from an order of the District Court of Suffolk County, Suffolk County
Traffic and Parking Violations Agency (Lewis Silverman, J.H.O.), entered January 11,
2022. The order granted defendant's motion to dismiss the simplified traffic
information.

ORDERED that the order is reversed, on the law, defendant's motion to dismiss the
simplified traffic information is denied, the simplified traffic information is reinstated,
and the matter is remitted to the District Court of Suffolk County, Suffolk County Traffic
and Parking Violations Agency for all further proceedings.
Defendant was charged in a simplified traffic information with using a mobile
telephone while operating a motor vehicle (Vehicle and Traffic Law § 1225-c [2]
[a]). A supporting deposition was provided to defendant which stated that, upon direct
observation, the deponent police officer "did witness, the [] defendant operate [a]
vehicle, at [12:18 p.m., on October 8, 2021, westbound, near exit 53, on the Long Island
Expressway], a public highway, while operating a mobile telephone/electronic device."
Subsequently, defendant moved to dismiss the simplified traffic information as being
facially insufficient, and the People opposed the motion. In an order entered January 11,
2022, the District Court granted defendant's motion.
The relevant portion of Vehicle and Traffic Law § 1225-c (2) (a) provides that
"no person shall operate a motor vehicle upon a public highway while using a mobile
telephone to engage in a call while such vehicle is in motion." For purposes of the
statute, "using" a mobile telephone means holding a mobile telephone to, or in the
immediate proximity of, the user's ear (Vehicle and Traffic Law § 1225-c [1] [c]
[i]). Moreover, "[a]n operator of any motor vehicle who holds a mobile telephone to, or
in the immediate proximity of, his or her ear while such vehicle is in motion is presumed
to be engaging in a call within the meaning of this section . . . [and] [t]he presumption
established by this subdivision is rebuttable by evidence tending to show that the
operator was not engaged in a call" (Vehicle and Traffic Law § 1225-c [2] [b]).

This court has previously determined that, where, as here, a supporting deposition
states that the defendant was "operating a mobile telephone/electronic device," "[t]he use
of the word 'operating' is close enough in meaning to 'using' to meet the reasonable cause
requirement" of CPL 100.25 (2) (People v Ermmarino, 60 Misc 3d 50, 55 [App Term, 2d
Dept, 9th & 10th Jud Dists 2018]). Consequently, we find that the simplified traffic
information was facially sufficient as it substantially conformed to the requirements
therefor prescribed by law (see CPL 100.40 [2]), and the supporting deposition
contained allegations of fact, based on personal knowledge or upon information and
belief, providing reasonable cause to believe that defendant had committed the offense
charged (see CPL 100.25 [2]; People v Hohmeyer, 70 NY2d 41, 43
[1987]; People v Key, 45 NY2d 111 [1978]; People v Ruiz, 64 Misc 3d 127[A], 2019 NY Slip Op
50984[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; Ermmarino, 60
Misc 3d at 55). 
In light of this court's findings on the merits, we need not pass upon the issue of
whether defendant's motion was timely made.
Accordingly, the order is reversed, defendant's motion to dismiss the simplified
traffic information is denied, the simplified traffic information is reinstated, and the
matter is remitted to the District Court of Suffolk County, Suffolk County Traffic and
Parking Violations Agency for all further proceedings.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 23,
2022