People v Merritt (2024 NY Slip Op 51351(U))

[*1]

People v Merritt

2024 NY Slip Op 51351(U) [84 Misc 3d 1203(A)]

Decided on September 30, 2024

District Court Of Nassau County, First District

Montesano, J.

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 30, 2024
District Court of Nassau County, First District

The People of
the State of New York,

against
Umar Merritt, Defendant(s).

Index No. CR-006562-24/NA

Hon. Anne Donnelly, District Attorney
Scott A. Banks,
Attorney-in-Chief, Legal Aid Society

Michael A. Montesano, J.

The following named papers numbered 1-2
Submitted on this motion dated September 13, 2024
Papers Considered:
Notice of Omnibus
Motion 1
Affirmation and Memorandum of Law in Opposition to Defendant's
Motion 2
Affirmation in Reply to the Prosecution's Opposition to Defendant's
Motion to Dismiss 3
Defendant is charged, by way of seven (7) simplified traffic
informations, with Reckless Driving (Vehicle and Traffic Law "VTL" §1212);
Aggravated Unlicensed Operation in the Third Degree (VTL §511[1][a]); Driving
at a Speed Not Reasonable and Prudent (VTL § 1180[a]); two (2) counts of
Disobeyed Traffic Control Device (VTL §1110[a]); and two (2) counts of
Unlicensed Operator (VTL §509[1]). Defendant is also charged by way of
Information with Unlawful Fleeing a Police Officer in a Motor Vehicle in the Third
Degree (Penal Law § 270.25); Criminal Possession of a Controlled Substance in the
Seventh Degree (Penal Law §220.03); Obstructing Governmental Administration in
the Second Degree (Penal Law §195.05); and Resisting Arrest (Penal Law
§205.30). The charges stem from his alleged operation of a motor vehicle on April
10, 2024, at approximately 9:53 p.m. at Washington Avenue and Willet Pl in Roosevelt,
Nassau County, New York.
Defense counsel moves for an order: pursuant to Criminal Procedure Law (CPL)
§§170.30, 170.35, 100.15 and 100.40 dismissing six (6) charges, specifically
VTL 1110(a), 1212 and Penal Law §§270.25, 195.05, 205.30, and 220.03 on
sufficiency grounds; for an order deeming the People's Certificate of Compliance
(hereinafter "COC") and Statement of Readiness (hereinafter "SOR") invalid pursuant to
CPL 245.20, 245.50, as they allege there is outstanding discovery; pursuant to CPL
30.30(5) and 30.30(5-a) deeming the People's Statement of Readiness (hereinafter
"SOR") invalid; and upon speedy trial grounds pursuant to CPL 30.30. Defendant also
moves for suppression, or alternatively, for Mapp/Dunaway/Huntley hearings.
Additionally, defendant seeks preclusion of first time in-court identification pursuant to
People [*2]v Perdue, 41 NY3d at 247 (2023), or
alternatively, that an alternate pre-trial identification procedure be conducted. Defense
counsel requests a pre-trial Sandoval/Molineux hearing. Lastly, defendant
seeks to reserve his right to make further motions. The People filed opposition. Defense
counsel filed a reply. The motion is determined as provided herein.
As an initial matter, the People concede in their opposition that second count of VTL
1110(a) is facially insufficient (Memo of Law in Opposition, ¶7). Therefore, count
5, charging defendant with a violation of VTL 1110(a) is hereby dismissed.
When evaluating a simplified traffic information, the court must utilize the standard
set forth in CPL 100.25(1). A simplified traffic information is sufficient on its face if it is
substantially in the form required by the Commissioner of Motor Vehicles (CPL
100.25[1], 100.40[2]; see also People v Nuccio, 78 NY2d 102 [1991]). Where,
however, the People provide a supporting deposition either voluntarily or pursuant to
defendant's timely request, the court must then determine whether the deposition
establishes reasonable cause to believe that defendant committed the charged offense
(see People v Key, 45 NY2d 111, 116 [1978]; CPL 100.25[2]). A supporting
deposition provided in connection with a simplified traffic information can be based
upon hearsay or non-hearsay so long as it provides reasonable cause to believe that
defendant committed the charged offenses, as provided by CPL 100.20, 100.25[2]
(see People v Derojas, 180 Misc 2d 690 [App Term, 2d Dept 1999]).
Pursuant to CPL 70.10(2), "reasonable cause to believe that a person committed an
offense" exists:
"when evidence or information which appears reliable discloses facts or
circumstances which are collectively of such weight and persuasiveness as to convince a
person of ordinary intelligence, judgment and experience that it is reasonably likely that
such offense was committed and that such person committed
it."
Section 1212 of the Vehicle and Traffic Law provides, in pertinent
part, "[r]eckless driving shall mean driving or using any motor vehicle...in a manner
which unreasonably interferes with the free and proper use of the public highway, or
unreasonably endangers users of the public highway."
"Reckless driving...standing by itself means the running or operation of an
automobile under such circumstances as to show a reckless disregard of the
consequences" (People v
Leontiev, 38 Misc 3d 716, 723 [Nassau Dist Ct 2012] citing People v
Grogan, 260 NY 138, [1932]). "Although 'unreasonableness' is a necessary
constituent of the crime . . . sufficient facts from which the characterization may be
inferred that defendant's operation . . .'unreasonably' interfered with the free and proper
use of the highway, and 'unreasonably endangered users thereof" will sustain the
sufficiency of the accusatory instrument" (id. citing People v Armlin, 6
NY2d 231, 232 [1959]).
Here, the People voluntarily provide a supporting deposition for the reckless driving
charge. It alleges that the deponent officer directly observed defendant operating the
subject vehicle, and defendant:
"FAILED TO COME TO A COMPLETE STOP AT A STOP
SIGN...MOTORIST FLED FROM THE TRAFFIC STOP....TRAVELING AT A HIGH
RATE OF SPEED ON [*3]RESIDENTIAL STREETS,
IGNORING MULTIPLE TRAFFIC CONTROL DEVICES, INTERFERING WITH
THE FREE AND PROPER USE OF PUBLIC ROADS AND ENDANGERING USERS
OF THE PUBLIC ROADWAYS."
In the case at bar, defense counsel
argues that the supporting deposition for the simplified traffic information fails to
establish certain elements of VTL 1212 through non-hearsay allegations. Defendant
contends that the supporting deposition "does not lay out any non-hearsay,
non-conclusory facts" to establish the elements of VTL 1212 (Affirmation in Support of
Defendant's Motion to Dismiss, ¶ 32). In opposition, the People assert that this
charge is facially sufficient. 
Defense counsel also moves for dismissal of the informations which charge
defendant with violating unlawful fleeing a police officer in a motor vehicle, obstructing
governmental administration in the second degree, resisting arrest, and criminal
possession of a controlled substance in the seventh degree on sufficiency grounds. 
Here, defendant was charged by way of a simplified traffic information and not an
information and thus, defense counsel's reliance upon CPL 100.15 is misplaced. Upon
review, the court finds that the simplified traffic information is in the form proscribed by
the Commissioner of Motor Vehicles. The supporting deposition provides reasonable
cause to believe that the defendant committed the offense charged. Accordingly,
defendant's motion to dismiss the VTL 1212 on sufficiency grounds is denied.
An information is sufficient on its face when it (1) substantially conforms to the
requirements of CPL 100.15; (2) sets forth allegations which "provide reasonable cause
to believe that the Defendant committed the offense charged; "and (3) contains
non-hearsay allegations which "establish, if true, every element of the offense charged
and the Defendant's commission thereof" (CPL 100.40[1]; People v Alejandro,
70 NY2d 133 [1987]). 
On a motion to dismiss for facial insufficiency, the court's review is limited to
whether or not the People's allegations, as stated in the accusatory instrument and any
supporting depositions, establish the existence of a prima facie case, even if those facts
would not be legally sufficient to prove guilt beyond a reasonable doubt (People v
Henderson, 92 NY2d 677 [1999]; People v Jennings, 69 NY2d 103 [1986]).
The court must view the facts in a light most favorable to the People (People v Vonancken, 27 Misc
3d 132[A] [App Term, 2nd Dept, 9th & 10th Jud Dists 2010]; People v Mellish, 4 Misc 3d
1013[A] [Criminal Court, NY County 2004]), without giving the accusatory
instruments and supporting depositions an overly restrictive or technical reading
(People v Casey, 95 NY2d 354 [2000]). Further, to be facially sufficient, an
information "must supply [the] defendant with sufficient notice of the charged crime to
satisfy the demands of due process and double jeopardy" (People v Rodriguez, 214 AD3d
908 [2d Dept 2023]). 
The "To Wit" portion of the information, for all of the above-mentioned charges,
sworn to by Police Officer Tristan Alfano, provides the following in relevant part:
"Your deponent states that on April 10, 2024 at approximately 2153 hours,
deponent and Officer McGowan observed a 2020 Nissan Altima bearing New York
registration KYK5709 traveling eastbound on Washington Avenue in Roosevelt. The
vehicle failed to stop at the stop sign located at Washington Ave and Hansom Pl,
Roosevelt, NY 11575. Deponent initiated emergency lights and sirens and attempted to
conduct a VTL stop. The vehicle took an extended period of time to pull over, before
doing so on Washington [*4]Ave and Willet Pl.
Deponent and Officer McGowan exited their RMP with outer vest carriers on with
"Police" written across it, when the vehicle fled east bound on Washington Ave and
proceeded to flee through the backstreets of Roosevelt at a high rate of speed. Deponent
disengaged their emergency lights and sirens and followed the vehicle from a safe
distance. The vehicle pulled into the driveway of 12 Willet Pl, Roosevelt, NY 11575, and
the operator, defendant Umar Merritt exited the vehicle and fled on foot. Deponent
engaged the defendant in a foot pursuit giving several verbal commands to stop. The
defendant was placed on the ground and began flaring his arms and legs in an attempt to
prevent deponent from placing him into handcuffs. After a struggle the defendant was
placed into custody."
"'[I]n evaluating the sufficiency of an accusatory
instrument,' a court does 'not look beyond its four corners (including supporting
declarations appended thereto)' (People v Hardy, 35 NY3d 466, 475 [2020]; see
CPL 100.15 [3]; 100.40 [1] [c]; People v Thomas, 4 NY3d 143, 146 [2005])" (People v Slade, 37 NY3d
127, 136-37 [2021]). For purposes of sufficiency, the court may not consider
extraneous allegations contained in a motion to dismiss or an answer to a motion to
dismiss (People v Gibbs, 50
Misc 3d 1202(A) [Crim Ct, Bronx County 2015]; People v Nunez, 36 Misc 3d
172 [Crim Ct, New York County 2012]; People v Nwogu, 22 Misc 3d 201[Crim Ct, Queens County
2008]; People v Voelker, 172 Misc 2d 564 [Crim Ct, Kings County 1997]).
Rather, "[t]he People bear the burden of making a 'prima facie case for the offense
charged in the text of [an] information' (People v. Jones, 9 NY3d 259, 261, 848 N.Y.S.2d 600, 878
N.E.2d 1016)" (People v Rodriguez, 214 AD3d at 908). Moreover, "[s]o long as
the factual allegations of the information give an accused notice sufficient to prepare a
defense and are adequately detailed to prevent a defendant from being tried twice for the
same offense, they should be given a fair and not overly restrictive or technical reading"
(id. at 908-909 [internal citations omitted]).
Penal Law §270.25 entitled "Unlawful fleeing a police officer in a motor
vehicle in the third degree" provides,
A person is guilty of unlawful fleeing a police officer in a motor vehicle in
the third degree when, knowing that he or she has been directed to stop his or her motor
vehicle by a uniformed police officer or a marked police vehicle by the activation of
either the lights or the lights and siren of such vehicle, he or she thereafter attempts to
flee such officer or such vehicle by driving at speeds which equal or exceed twenty-five
miles per hour above the speed limit or engaging in reckless driving as defined by section
twelve hundred twelve of the vehicle and traffic law.
Defense counsel
argues that this charge is facially insufficient. Defense counsels contends that the
charging instrument includes only hearsay and conclusory facts and fails to lay out
sufficient facts which demonstrate driving recklessly or speeding in excess of 25 miles
per hour as required by the statute. In opposition, the People assert that "Defendant knew
he was being stopped by uniformed police officers based upon their outer vest carriers
and emergency lights and siren and nonetheless fled the scene..." (Memo of Law in
Opposition, ¶12).
As indicated supra, this court has determined that the reckless driving charge
is facially sufficient. Viewing the allegations set forth in the subject information the court
finds that the information, viewed in the light most favorable to the People, establishes
every element of the [*5]offense charged and defendant's
commission thereof (see CPL 100.40[1]; People v Alejandro, 70 NY2d
133[1987]). Therefore, the information makes out a prima facie case with respect to the
charge of unlawful fleeing a police officer in a motor vehicle in the third degree.
Accordingly, defendant's motion to dismiss the charge of Penal Law §270.25 as
facially insufficient is denied.
Penal Law §195.05 Obstructing governmental administration in the second
degree provides in relevant part,
"A person is guilty of obstructing governmental administration
when:
1. Such person intentionally obstructs, impairs or
perverts the administration of law or other governmental function or prevents or attempts
to prevent a public servant from performing an official function, by means of
intimidation, physical force or interference, or by means of any independently unlawful
act..."
As to the charge of Penal Law §195.05, obstructing
governmental administration in the second degree, defendant argues that the accusatory
instrument fails to establish every element of the offense charged by non-hearsay and
non-conclusory allegations. In opposition, the People allege that "defendant committed
an independently unlawful act...in order to prevent officers...from performing one of
their official functions, namely effecting an arrest for defendant's unlawful fleeing..."
(Memo of Law in Opposition, ¶ 16). The People assert that "the very fact that
defendant unlawfully fled the police during...[a] lawful VTL stop ...shows that
Defendant was intentionally obstruction Officer McGowan from administering the law,
specifically to write Defendant a traffic ticket" (id.). 
Penal Law §195.05 was "intended to make criminal conduct designed to
interrupt or shut down administrative governmental operations" (People v Offen,
96 Misc 2d 147, 151, [Crim Ct, New York County 1978]). Since "[t]he plain meaning of
the statute and the accompanying Commentary clearly demonstrate that the mens rea of
this crime is an intent to frustrate a public servant in the performance of a specific
function" (People v Joseph, 156 Misc 2d 192, 193[Crim Ct, Kings County
1992]), a facially sufficient information must set forth adequate factual allegations to
establish that the public servant was "engaged in a specific action at the time of the
physical interference, and not just on duty." Id. at 194. "The requirement that the
People plead a specific function is not an onerous burden. [T]he barest allegation of a[n
official] function would suffice to satisfy this element of the statute." Id. at
196.
Viewing the allegations in the light most favorable to the People, the court finds that
the subject information establishes every element of the offense charged and defendant's
commission thereof (see CPL 100.40[1]; People v Alejandro, 70 NY2d
133[1987]). Therefore, the information makes out a prima facie case with respect to the
charge of Penal Law §195.05, obstructing governmental administration in the
second degree. Accordingly, defendant's motion to dismiss the charge as facially
insufficient is denied.
Pursuant to Penal Law §205.30, a person is guilty of resisting arrest when he
intentionally prevents or attempts to prevent a police officer or peace officer from
effecting an authorized arrest of himself or another person. Defense counsel argues that
the accusatory instrument fails to lay out non-hearsay, non-conclusory factual allegations
which establish the elements of Penal Law §205.30. The People maintain that this
charge is facially sufficient as the information provides details regarding the defendant
fleeing on foot and "flaring his arms and legs" to prevent being handcuffed. 
Viewing the allegations set forth in the subject information the court finds that the
information, viewed in the light most favorable to the People, establishes every element
of the [*6]offense charged and defendant's commission
thereof (see CPL 100.40[1]; People v Alejandro, 70 NY2d 133[1987]).
Therefore, the information makes out a prima facie case with respect to the charge of
Penal Law §205.30, resisting arrest. Accordingly, defendant's motion to dismiss the
charge as facially insufficient is denied.
Penal Law §220.03 provides that:
"A person is guilty of criminal possession of a controlled substance in the
seventh degree when he or she knowingly and unlawfully possesses a controlled
substance; provided, however, that it shall not be a violation of this section when a
person possesses a residual amount of a controlled substance and that residual amount is
in or on a hypodermic syringe or hypodermic needle; nor shall it be a violation of this
section when a person's unlawful possession of a controlled substance is discovered as a
result of seeking immediate health care as defined in paragraph (b) of subdivision three
of section 220.78 of this article, for either another person or him or herself because such
person is experiencing a drug or alcohol overdose or other life threatening medical
emergency as defined in paragraph (a) of subdivision three of section 220.78 of this
article."
The "To Wit" portion of the information, sworn to by Police
Officer Tristan Alfano, provides the following in relevant part:
"Subsequent to a search of the defendant, deponent recovered a zip lock
bag containing 3 white circular shaped pills labeled 'RP 10 325' believed to be
Acetaminophen and Oxycodone Hydrochloride which is a schedule 2 controlled
substance from the defendant's front sweatshirt pocket...your deponent believes
the...pills...to be Acetaminophen and Oxycodone Hydrochloride based upon your
deponent's 3 years' experience as a police officer, your deponent's training in the
recognition of Acetaminophen and Oxycodone Hydrochloride received in the Nassau
Police Academy, and your deponent's participation in numerous investigations involving
controlled substances, specifically Acetaminophen and Oxycodone Hydrochloride. Your
deponent also believes the 3 white circular shaped pill labeled 'RP 10 325' to be
Acetaminophen and Oxycodone Hydrochloride based upon the inscription 'RP 10 325',
color, texture, shape and packaging of the recovered
substance."
Defense counsel argues that the People's failure to annex
and affix a laboratory report to the accusatory instrument is fatal to the charge of Penal
Law §220.03. Defense counsel contends that "[w]ithout a toxicology report
annexed and affixed to the accusatory instrument to ensure that the substance allegedly
recovered on a defendant is, in fact, a controlled substance, the allegation is conclusory"
(Affirmation in Support of Defendant's Motion to Dismiss, ¶ 25). In opposition, the
People assert that pursuant to the holding in People v. Kalin, 12 NY3d 225 (2009), a laboratory report is
not necessary to make out a prima facie case pursuant to PL 220.03. In People v.
Kalin, the court held:
"[w]e have already rejected the notion that a laboratory report is necessary
to set forth a prima facie case and we unanimously adhere to that holding today...the
officer in this case presented more in the accusatory instrument than merely stating that
he used his [*7]experience and training as the foundation
in drawing the conclusion that he had discovered illegal drugs" (id., at
231).
Based upon Officer Alfano's observations, the information
provides sufficient factual allegations to provide reasonable cause to believe that
defendant knowingly and unlawfully possessed a controlled substance. The court finds
that the factual allegations contained in the information are sufficient, as they contain
non-hearsay allegations which support every element of the offense charged and
defendant's commission thereof (see CPL 100.40[1]; People v Alejandro,
70 NY2d 133 [1987]). Accordingly, defendant's motion to dismiss the charge of criminal
possession of a controlled substance in the seventh degree based on facial insufficiency is
denied.
Next, with respect to defense counsel's argument regarding invalidation of the
People's SOR under CPL 30.30(5-a) on the basis of insufficient charges, CPL 30.30(5-a)
provides:
"Upon a local criminal court accusatory instrument, a statement of
readiness shall not be valid unless the prosecuting attorney certifies that all counts
charged in the accusatory instrument meet the requirements of sections 100.15 and
100.40 of this chapter and those counts not meeting the requirements of sections 100.15
and 100.40 of this chapter have been dismissed."
As discussed above,
the People concede in their opposition that one (1) count of VTL 1110(a) charge is
facially insufficient. However, notwithstanding same, the court further finds "the fact that
one accusatory instrument is later deemed to be facially insufficient does not render the
People's prior CPL 30.30(5-a), statement invalid with respect to any remaining facially
sufficient accusatory instruments" (People v Loonam, 79 Misc 3d 128(A)[App Term, 2d Dept,
9th & 10th Jud Dists 2023]).
In People v Williams,
83 Misc 3d 21 (App Term, 2d Dept, 11th, 13th Jud Dists 2024), the Second
Department recently held:
"Criminal Procedure Law section 30.30 (5-a), effective January 1, 2020,
provides that, in order for an SoR to be valid, the People must 'certif[y] that all counts
charged in [a local criminal court] accusatory instrument meet the requirements of [CPL]
100.15 and 100.40 . . . and those counts not meeting the requirements of sections 100.15
and 100.40 of this chapter have been dismissed.' The legislature, in enacting the new
disclosure requirements of Criminal Procedure Law article 245, also effective January 1,
2020, provided for sanctions in the event of non-compliance (see CPL 245.80).
However, in amending CPL 30.30, the legislature did not provide for sanctions or any
consequence in the event the People's CPL 30.30(5-a) certification was inaccurate.
The plain language of CPL 30.30 (5-a) requires no more than that, in order for an
SoR to be 'valid,' the People 'certif[y]' that the counts charged in a local criminal court
accusatory instrument are facially sufficient (CPL 30.30 [5-a]). As the People here filed
the required certification, they satisfied the legislature's requirement as set forth in CPL
30.30 (5-a) and, thus, their SoR was 'valid.' Consequently, defendant's sole ground
to hold that the People's statutory speedy trial time had expired lacks merit and, thus, the
judgment of conviction must be affirmed." (Emphasis
added).
Moreover, the court People v Robinson, 83 Misc 3d 129(A) (App Term, 2d
Dept, 11th & 13 Jud Dists 2024) held:
"As we said in People v Williams (— Misc 3d —,
2024 NY Slip Op 24059, [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]),
the Criminal Procedure Law does not 'provide for sanctions or any consequence in the
event the People's CPL 30.30 (5-a) certification was inaccurate.' Rather, if the People
'filed the required certification, they satisfied the legislature's requirement as set forth in
CPL 30.30 (5-a) and, thus, their SOR was 'valid' ' (id. at *2). Consequently, the
branch of defendant's motion seeking, in effect, to dismiss the entire accusatory
instrument based upon an alleged violation of his statutory speedy trial rights due to an
invalid SOR was properly denied."
In the case at bar, the court finds
the People's SOR filed on July 29, 2024 to be valid. As stated above, CPL 30.30 (5-a)
requires the People to file a certification. Here, that was done. Thus, any challenge to the
People's certification as null and void, is flatly rejected. Accordingly, in light of the
court's determination that the charges under VTL 1212 and Penal Law §§
270.25, 205.30, and 220.03 are facially sufficient, the branch of defendant's motion
seeking an order deeming the SOR filed on July 29, 2024 invalid, under CPL 30.30(5-a),
is likewise denied. 
Next, defendant moves for an order pursuant to CPL 245.20 and 245.50, deeming
the People's COC and SOR invalid and illusory due to the People's alleged failure to
disclose all electronically stored information, specifically, dashboard camera video. CPL
245.20(1) requires the prosecutor to disclose "all items and information that relate to the
subject matter of the case and are in the possession, custody or control of the prosecution
or persons under the prosecution's direction or control." The statute then enumerates a
non-exhaustive list of materials subject to disclosure (see People v Lewis, 72 Misc 3d 686 [Crim Ct, Kings
County 2021]).
Further, CPL 245.20(2) states, in pertinent part, that:
"[t]he prosecutor shall make a diligent, good faith effort to ascertain the
existence of material or information discoverable under subdivision one of this section
and to cause such material or information to be made available for discovery where it
exists but is not within the prosecutor's possession, custody or control; provided that the
prosecutor shall not be required to obtain by subpoena duces tecum material or
information which the defendant may thereby obtain. For purposes of subdivision one of
this section, all items and information related to the prosecution of a charge in the
possession of any New York state or local police or law enforcement agency shall be
deemed to be in the possession of the prosecution."
After the
People have complied with their discovery obligation, CPL 245.50(1) requires that the
prosecutor 
"shall serve upon the defendant and file with the court a certificate of
compliance. The certificate of compliance shall state that, after exercising due diligence
and making reasonable inquiries to ascertain the existence of material and information
subject to discovery, the prosecutor has disclosed and made available all known material
and information subject to discovery. It shall also identify the items provided. If
additional [*8]discovery is subsequently provided prior to
trial pursuant to section 245.60 of this article, a supplemental certificate shall be served
upon the defendant and filed with the court identifying the additional material and
information provided. No adverse consequence to the prosecution or the prosecutor shall
result from the filing of a certificate of compliance in good faith and reasonable under
the circumstances; but the court may grant a remedy or sanction for a discovery violation
as provided in section 245.80 of this article."
Whether the People have
complied with their statutorily prescribed discovery obligations, "is measured by a tally
of the known and existing material, after the 'exercising [of] due diligence and making
[of] reasonable inquiries to ascertain [its] existence' (CPL 245.50 [1])" (People v Aquino, 72 Misc 3d
518, 525 [Crim Ct, Kings County 2021]). Thus, "[i]f the People establish that they
exercised due diligence and acted in good faith in filing their certificate, their certificate
of compliance shall be deemed valid" (People v Salters, 72 Misc 3d 1219[A]*6 [Dist Ct, Nassau
County 2021][internal citations omitted]).
As explained by the Court of Appeals in People v Bay, (41 NY3d 200, 212 [2023]), "the plain terms
of the statute make clear that while good faith is required, it is not sufficient standing
alone and cannot cure a lack of due diligence." Thus, "where the People fail to set forth
their efforts to locate items of discovery or determine that they do not exist, or the efforts
they describe do not amount to due diligence, their certificate may be invalidated" (People v Perez, 73 Misc 3d
171, 177 [Sup Ct, Queens County 2021]). "An analysis of whether the People made
reasonable efforts sufficient to satisfy CPL article 245 is fundamentally case-specific, as
with any question of reasonableness, and will turn on the circumstances presented. There
is no rule of 'strict liability'; that is, the statute does not require or anticipate a 'perfect
prosecutor'" (Bay at 212).
Defendant asserts that the People have failed to turn over dashboard camera video
from the underlying incident. In opposition, the People state that "dashboard camera does
not exist for NCPD patrol vehicles like the RMP officers had driven for this incident"
(Memo of Law in Opposition, ¶17).
It is axiomatic that the People cannot produce what does not exist. Therefore, the
court declines to invalidate the COC and SOR on this basis. Accordingly, the branch of
the defendant's motion seeking invalidation of the COC and SOR is denied.
Next, defendant seeks to dismiss this action on speedy trial grounds. The applicable
subsection is CPL 30.30(1)(b), where, as here, the top charge is a class A misdemeanor
(see People v Labate, 2024 NY Slip Op 01582 [Court of Appeals 2024]). It is
well settled that speedy trial time begins to run on the day following commencement of
the criminal action (see People v Stiles, 70 NY2d 765 [1987]). A motion made
pursuant to CPL 170.30(1)(e) "must be granted where the people are not ready for trial
within "ninety days of the commencement of a criminal action wherein," as here, "a
defendant is accused of one or more offenses, at least one of which is a misdemeanor
punishable by a sentence of imprisonment of more than three months and none of which
is a felony." A criminal action is commenced by the filing of an accusatory instrument in
a criminal court (CPL 1.20[16,17]). Here, defendant was arraigned on April 29, 2024.
Thus, the speedy trial time commenced on April 30, 2024 and the People are required to
be ready within 90 days thereof, less excludable periods. 
Criminal Procedural Law § 30.30(5) requires that "[a]ny statement of trial
readiness must be accompanied or preceded by a certification of good faith compliance
with the disclosure [*9]requirements of section 245.20."
Suffice it to say, discovery compliance is a condition precedent to a valid announcement
of readiness for trial (see People
v Gonzalezyunga, 71 Misc 3d 1210[A] [Nassau Dist Ct 2021]; People v Lobato, 66 Misc 3d
1230(A) [Crim Ct, Kings County 2020]; People v Mashiyach, 70 Misc 3d 456 [Crim Ct, Kings
County 2020]). Moreover, "absent an individualized finding of special circumstances in
the instant case by the court before which the charge is pending," the People cannot be
deemed ready for trial unless they have filed a proper certificate of compliance
(see CPL 245.50[3]). Further, the People can be deemed ready when material or
information is discoverable but cannot be disclosed because it is lost or destroyed, but the
court shall impose an appropriate remedy or sanction (CPL 245.80[1][b]).
Defense counsel asserts that there are 101 days chargeable to the People (Affirmation
in Support of Defendant's Motion to Dismiss, ¶ 63, p. 33). Defense counsel
contends that time after the filing of the COC and SOR is chargeable to the People as
"the accusatory instrument in this case was insufficient and jurisdictionally defective at
the time they filed their certificates" (id.). The People do not address the speedy
trial issue in their opposition papers. In light of the court's decision denying invalidation,
and that being the sole basis for dismissal on speedy trial grounds in defense counsel's
motion, defendant's motion to dismiss on speedy trial grounds is hereby denied.
In this matter, the People annex a notice to the COC/ SOR which was filed on July
29, 2024 (Exhibit F to Affirmation in Support of Defendant's Motion to Dismiss) which
states:
"[P]ursuant to the New York Court of Appeals decision in People v
Perdue, Slip Op. 06404 [Dec 14, 2023], that the People may call a witness at trial
who observed the defendant either at the time and place of commission of the offense or
on some other occasion relevant to the case and who has not previously identified the
defendant in an out-of-court identification procedure but may do so upon a trial of the
charges. These potential witness(es) are: PO Tristan Alfano, Serial No. 10538 PO Sean
McGowan, Serial No, 10619."
Defense counsel contends that the
People's notice is delayed and that the two police officers involved in the instant arrest
should be precluded from making a first-time in-court identification of defendant. Citing
to People v Perdue, 41 NY3d at 247 (2023), defense counsel asserts that "when
the People call a witness who may make a first time, in-court identification, they must
ensure that the defendant is aware of the possibility as early as practicable so that the
defendant has a meaningful opportunity to request alternative identification procedures"
(Affirmation in Support of Defendant's Motion to Dismiss, ¶76). The People
oppose and assert that a Perdue notice wasn't required to be served for this matter
(Memo of Law in Opposition, ¶ 23). The People state that "[t]he Court of Appeals
judicially created Purdue [sic] notice for the purpose of preventing wrongful
convictions based upon mistaken civilian eyewitness identifications and does not
pertain to police identifications" (id.). 
Based on the facts and circumstances of the instant matter and the witnesses in
question, the court declines to grant the defendant's request for preclusion of first-time
in-court identification at this time. Furthermore, the court declines to order an alternative
pre-trial identification procedure.
A Mapp/Dunaway/Huntley suppression hearing will be conducted prior to
trial. 
Defendant's request for a Molineux/Ventimiglia hearing is presently denied,
in the absence of notice by the People of their intent to offer such evidence on their direct
case at trial. 
Defendant's attempt to reserve the right to make further motions is denied, as
premature (CPL 255.20[2], [3]).
In light of the date of this Court's decision, this case is advanced to October 10,
2024, at which time hearings will be scheduled. The defendant's appearance is required
on this date.
This constitutes the decision and order of the court. 
So Ordered.
Michael A. Montesano
DISTRICT COURT JUDGE
Dated: September 30,
2024