People v Goris (2025 NY Slip Op 50495(U))

[*1]

People v Goris (Eduardo)

2025 NY Slip Op 50495(U)

Decided on April 3, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 3, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., GRETCHEN WALSH, ELENA GOLDBERG-VELAZQUEZ, JJ

2023-449 N CR

The People of the State of New York, Appellant,
against
Eduardo Rodriguez Goris, Respondent. 

Nassau County District Attorney (Hilda Mortensen and Jared A. Chester of counsel), for appellant.
Nassau County Legal Aid Society (Tammy Feman, Daniel P. Schumeister and Gregory Springsted of counsel), for respondent.

Appeals by the People from orders of the District Court of Nassau County, First District (David I. Levine, J.), dated March 15, 2023 (op 78 Misc 3d 1031 [2023]) and May 8, 2023, respectively. The order dated March 15, 2023 granted defendant's motion to dismiss a simplified traffic information charging him with common-law driving while intoxicated and driving while ability impaired by alcohol. The order dated May 8, 2023, insofar as appealed from, upon reargument, adhered to the March 15, 2023 order.

ORDERED that, on the court's own motion, the appeals are consolidated for purpose of disposition; and it is further,
ORDERED that the appeal from the March 15, 2023 order is dismissed, as that order was superseded by the order dated May 8, 2023; and it is further,
ORDERED that the order dated May 8, 2023, insofar as appealed from, is affirmed.
On October 11, 2022, defendant was arraigned on eight violations of the Vehicle and Traffic Law charged in eight form simplified traffic informations which were stapled together. In a box on each form, there appears the preprinted words "Count #," followed by typed in numbers ranging from 1 to 8, respectively. Under these circumstances, we conclude that these eight form simplified traffic informations comprise but one simplified traffic information, as a single [*2]simplified traffic information can charge a person with the commission of one or more traffic infractions and/or misdemeanors relating to traffic (see CPL 1.20 [5]; 100.10 [2] [a]; 100.25 [2]; People v Nuccio, 78 NY2d 102 [1991]). Insofar as relevant to this appeal, "Count # 1" and "Count # 7" charged defendant with driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]) and driving while ability impaired by alcohol (Vehicle and Traffic Law § 1192 [1]), respectively, arising from an alleged incident that occurred when defendant was driving a blue Toyota westbound on the Southern State Parkway, near exit 19, in the Town of Hempstead, at 1:04 a.m., on September 30, 2022.[FN1]
 Stapled to the eight form simplified traffic informations was, among other things, a form denominated a "supporting deposition" and a "bill of particulars," containing check-off boxes, which form was executed by the state trooper who had arrested defendant at defendant's residence. In that supporting deposition, the trooper alleged that the Vehicle and Traffic Law violations had occurred at 1:04 a.m. at defendant's home address, and nowhere in that supporting deposition did the trooper make any mention of the Southern State Parkway.
After several court appearances, adjourned at the People's request to provide discovery, the People filed a statement of readiness for trial (SOR) on January 5, 2023, which contained a certification pursuant to CPL 30.30 (5-a), and a certificate of compliance with initial discovery (COC) pursuant to CPL 245.20 (1) and 245.50. The People filed a supplemental SOR and COC on January 17, 2023, after a civilian witness executed a supporting deposition, which documents were provided to defense counsel. On February 10, 2023, the People filed a second supplemental SOR and COC, after the arresting state trooper executed a second supporting deposition, which documents were provided to defense counsel. This second supporting deposition from the trooper clarified the discrepancy by explaining that defendant had committed the charged offenses when the blue Toyota that he was driving was involved in an accident with another vehicle on the Southern State Parkway westbound around Exit 19. The trooper further asserted therein that defendant had left the scene of the accident and, based upon an investigation, the blue Toyota was found parked across the street from defendant's residence and, following several admissions allegedly made by defendant, defendant was arrested at his home address.
On February 15, 2023, defendant moved to, among other things, dismiss the simplified traffic information on both facial insufficiency and speedy trial grounds. The People opposed defendant's motion and, in an order dated March 15, 2023, the District Court (David I. Levine, J.) [*3]granted it, determining that "[i]nasmuch as the [] supporting deposition contained hearsay information, it was insufficient to corroborate the simplified traffic information" (People v Goris, 78 Misc 3d 1031, 1035 [2023]). Additionally, the court found that "[i]t [wa]s unclear, from the documents presented by the police to the court, at which location [] defendant is alleged to have committed the offenses charged [which] does not comply with the requirements laid out in CPL 100.15 and 100.40" (id. at 1036). The court concluded that, as the simplified traffic information was not "converted" to an information prior to January 9, 2023, and that, as of that date, the 90-day statutory speedy trial clock had expired, the matter had to be dismissed pursuant to CPL 30.30 (1) (b) (id.).
The People subsequently moved, pursuant to CPLR 2221 (d), for leave to reargue their opposition to defendant's motion and, upon reargument, to deny defendant's motion, contending that the court had misapprehended the facial sufficiency requirements of a simplified traffic information in an action where supporting depositions had been provided, as facts alleged in such a supporting deposition can be based on hearsay. Defendant opposed the motion and, in an order dated May 8, 2023, the District Court granted leave to reargue but adhered to its prior determination to dismiss the matter, finding that "the contradicting times and places of occurrence" of the alleged offenses as alleged in the "accusatory documents" also rendered the accusatory instrument insufficient. The People appeal from the March 15, 2023 order and from so much of the May 8, 2023 order as, upon reargument, adhered to the March 15, 2023 order. The appeal from the March 15, 2023 order is dismissed as superseded (see Leung v Port Auth. of NY & N.J., 204 AD3d 654 [2022]).
"It is statutorily dictated that a simplified traffic information has different, and lesser, requirements for facial sufficiency than a misdemeanor information" (People v DeRojas, 180 Misc 2d 690, 691 [App Term, 2d Dept, 9th & 10th Jud Dists 1999]). Nonetheless, contrary to the District Court's finding, Vehicle and Traffic Law § 1192 offenses, including misdemeanors, can be charged and prosecuted by either a simplified traffic information or by an information (see CPL 1.20 [5]; 100.10 [2] [a] [providing that a simplified traffic information "serves as a basis for commencement of a criminal action for such traffic offenses, alternative to the charging thereof by a regular information"]; Nuccio, 78 NY2d 102; People v Hohmeyer, 70 NY2d 41 [1987]; People v Murray, 63 Misc 3d 130[A], 2019 NY Slip Op 50407[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; People v DeRojas, 196 Misc 2d 171 [App Term, 2d Dept, 9th & 10th Jud Dists 2003]). The District Court misapprehended the law when, with respect to the lone simplified traffic information herein, it held the People to the higher legal standard prescribed for assessing the sufficiency of an information, which requires nonhearsay allegations (compare CPL 100.15, 100.40 [1], with CPL 100.25, 100.40 [2]).
A simplified traffic information is sufficient on its face when it substantially conforms to the form prescribed by the Commissioner of Motor Vehicles (see CPL 1.20 [5]; 100.25 [1]; 100.40 [2]; People v Ramos, 77 Misc 3d 132[A], 2022 NY Slip Op 51243[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; People v Ferro, 22 Misc 3d 7 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]). "It need not provide on its face reasonable cause to believe defendant has committed the offense[s]" charged (Nuccio, 78 NY2d at 104). However, if a supporting deposition is provided, it must contain "allegations of fact, based either upon personal knowledge or upon information and belief, providing reasonable cause to believe that the defendant [*4]committed the offense or offenses charged" (CPL 100.25 [2]; see Hohmeyer, 70 NY2d at 42-44; People v Key, 45 NY2d 111, 116-117 [1978]; People v Anand, 65 Misc 3d 151[A], 2019 NY Slip Op 51875[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; Murray, 2019 NY Slip Op 50407[U]; People v Delprete, 62 Misc 3d 128[A], 2018 NY Slip Op 51872[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). Thus, a supporting deposition served on a defendant in connection with a simplified traffic information may contain hearsay allegations(see Hohmeyer, 70 NY2d 41; Key, 45 NY2d at 115; People v Boback, 23 NY2d 189, 191-192 [1968]; People v Carpenter, 65 Misc 3d 132[A], 2019 NY Slip Op 51605[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; DeRojas, 180 Misc 2d at 691). While generally anyone may assert factual allegations in a supporting deposition to supplement and support, or tend to support, an accusatory instrument, even if based on hearsay (see CPL 100.20), a supporting deposition to a simplified traffic information provided pursuant to CPL 100.25 (2) must be executed only by the complainant police officer and, on its own, must provide reasonable cause to believe that the defendant committed the offense or offenses charged, even if merely based on information and belief.
Since, prior to trial, defendant moved to dismiss the simplified traffic information on facial insufficiency grounds, the issue of whether the supporting deposition contained adequate factual allegations was not waived (see CPL 170.30 [3]; People v Beattie, 80 NY2d 840 [1992]; Key, 45 NY2d at 116-117; Anand, 2019 NY Slip Op 51875[U]; Murray, 2019 NY Slip Op 50407[U]). It is uncontested that the simplified traffic information herein conformed to the requirements of the Commissioner of Motor Vehicles (see CPL 100.25 [1]; 100.40 [2]). However, as the District Court correctly noted, "[i]t [wa]s unclear" (Goris, 78 Misc 3d at 1036) from the first supporting deposition that was provided by the trooper where the offenses were alleged to have occurred, as the simplified traffic information alleged they occurred on the Southern State Parkway but the supporting deposition alleged that they occurred at defendant's home address. Consequently, this supporting deposition, standing alone, failed to satisfy the requirement of CPL 100.25 (2) that it provide reasonable cause to believe that defendant committed the offenses charged in the simplified traffic information. We therefore conclude that, pursuant to CPL 100.40 (2), the first supporting deposition rendered the simplified traffic information insufficient on its face. Thus, at the time of defendant's arraignment, conducted on October 11, 2022, the People were not ready for trial as they could not prosecute the action without a facially sufficient accusatory instrument.
It was not until February 9, 2023, when the People served and filed a second supporting deposition from the state trooper, that the discrepancy was clarified. Consequently, assuming, without deciding, that the defect contained in the trooper's first supporting deposition could be cured by her second supporting deposition, the branch of defendant's motion seeking to dismiss the simplified traffic information as facially insufficient, which motion was made after the second supporting deposition had been filed, should have been denied. 
However, in any event, the trooper's second supporting deposition was first provided by the People after their allotted 90-day statutory speedy trial time had expired (see CPL 30.30 [1] [b], [7] [b] [where a defendant has been served with an appearance ticket, the criminal action must be deemed to have commenced on the date the defendant first appears in a local criminal court in response to the ticket]), since, during the 90-day period, there was no facially sufficient [*5]accusatory instrument. Consequently, the matter had to be dismissed pursuant to CPL 30.30 (1) (b) and, therefore, the branch of defendant's motion seeking to dismiss the simplified traffic information on statutory speedy trial grounds was properly granted as to both charges (see CPL 30.30 [1] [b], [e]; People v Lovett, 40 NY3d 1018, 1019 [2023]; People v Galindo, 38 NY3d 199, 201, 206 [2022]).
Accordingly, the order dated May 8, 2023, insofar as appealed from, is affirmed.
GARGUILO, P.J., WALSH and GOLDBERG-VELAZQUEZ, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 3, 2025

Footnotes

Footnote 1: Defendant was also charged with leaving the scene of an incident without reporting property damage (Vehicle and Traffic Law § 600 [1]), failure to obey a traffic-control device (Vehicle and Traffic Law § 1110 [a]), following too closely (Vehicle and Traffic Law § 1129 [a]), speeding (Vehicle and Traffic Law § 1180 [a]), and two acts of interfering with thruway operations(21 NYCRR § 102.8 [e]); however, these charges were dismissed by the court upon the People's application.